Hamilton Glass Company, Appellant, v. Borin Manufacturing Company, Appellee.

Gen. No. 32,270.

Opinion filed March 29, 1928. Rehearing denied April 9, 1928.

Henry H. Koven, for appellant.

Pennish & Rashbaum, for appellee; Ben Aronin, of counsel.

Mr. Justice Holdom delivered the opinion of the court.

This suit in assumpsit was commenced May 13, 1926. The declaration was filed May 28, 1926, in which plaintiff claimed from defendant the sum of $708.22 for merchandise sold and delivered by the plaintiff to defendant. Summons was served to the June term, 1926, and defendant entered its appearance by counsel May 20, 1926. There was filed with plaintiff's declaration an affidavit of claim showing due the amount above mentioned.

On June 25, 1926, defendant was defaulted for want of a plea and a judgment entered by default for $708.22. After the statutory time for filing a plea had expired, and on June 30, 1926, without leave of court or any application for leave to file, pleas had been made to the court, defendant filed pleas in the office of the clerk of the superior court. Execution on the judgment was issued June 30, 1926. Defendant on July 8, 1927, filed its motion supported by an affidavit to vacate the default judgment theretofore entered June 25, 1926. On July 9, 1926, an order was entered without notice to plaintiff or its attorneys, vacating the judgment. On July 10, plaintiff moved to vacate that judgment, which motion was denied. On September 23, 1926, defendant filed without leave of court certain amended pleas. On January 18, 1927, defendant's motion for a continuance of the hearing of the cause was denied. On January 18, 1927, the cause proceeded to trial before court and jury, in which there was a finding for plaintiff with damages assessed at the sum of $124.72.

On February 26, 1927, the following proceedings were had and order entered:

"This cause coming on to be heard upon plaintiff's motion to strike from the records all orders entered and proceedings had herein subsequent to July 8th, 1926, and upon argument of counsel and due deliberation by the court, said motion is overruled, to which order the plaintiff, by its counsel, takes exception; This Cause further coming on to be heard upon the plaintiff's motion heretofore entered herein, for judgment *non obstante veredicto*, after argument of counsel and due deliberation by the court, said motion is overruled, to which order plaintiff by its counsel, takes exception.

"And the court, being now fully advised in the premises, It Is Ordered that the plaintiff have judgment upon the verdict of the jury in the sum of $120.72 against the defendant herein;

"Whereupon, comes the said plaintiff, by its attorney, and excepts to the orders and rulings of the court in overruling its motions to strike from the files all orders and pleadings had and entered subsequent to July 8th, 1926, and its motion for judgment *non obstante veredicto*, and prays an appeal from the Superior Court of Cook County to the Appellate Court of this State, which is ordered to be granted upon condition that said plaintiff does within thirty days from this date file herein its bond in the sum of $250.00, with sureties to be approved by this court, and upon further condition that the said plaintiff does file herein within sixty days from date its bill of exceptions."

On the trial it was stipulated between the attorneys of both parties that it might be considered as proven that plaintiff had manufactured and delivered to defendant glass and labor of the total value of $708.22, of which amount $375 represented the price for silvering 100 sets of mirrors.

Plaintiff assigns for error and argues for reversal that the trial court was without jurisdiction to vacate the judgment rendered June 25, 1926, of the June term, on July 9, 1926, being one of the days of the succeeding July term; that all proceedings in the cause subsequent to the entry of the judgment at the June term are void; that the pleadings filed by defendant without leave of court should have been stricken on plaintiff's motion.

After the June term the court was without jurisdiction to vacate or set aside the judgment or disturb the same upon motion. The motion to vacate was not grounded on Section 89 of the Practice Act, chapter 110, R. S., Cahill's St. ch. 110, ¶ 89, which provides:

"The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

The rule in this State is correctly stated in *People v. Omega Chapter of Psi Upsilon Fraternity,* 320 Ill. 326:

"It has long been settled in this State, that after the expiration of a term of court at which a judgment is entered the court has no authority to set aside the judgment for any alleged error of law and can only amend it in matters of form, after notice to the opposite party."

By the judgment plaintiff had a vested right which the trial court had no power to disturb notwithstanding there may have been procedural errors in the record. If such there were they could only be corrected after the term at which the judgment was entered, by review on writ of error. It may have been error to have entered the judgment without notice to

defendant's attorneys whose appearance was on file. However, that point does not call for our decision on this appeal. Defendant filed pleas after the time permitted by statute without leave of court. Such pleas so filed are unavailing, and may be entirely disregarded. *Farmer v. Fowler,* 288 Ill. 494, in which the court said:

"The general rule seems to be that where the time for pleading has expired and the party has filed a pleading without leave of court and without the consent of the adverse party the filing thereof is an irregularity, which, if not waived, renders the pleading liable, at the discretion of the court, to be struck out on motion or to be disregarded or treated as a nullity. * * * In *Flanders v. Whittaker,* 13 Ill. 707, the court held that the defendant had no right to plead, after the expiration of the rule, without special leave of court, and that a plea so filed might be disregarded."

Plaintiff entered into no stipulation nor did any act which reinvested the trial court with jurisdiction after the June term, 1926. While it is true plaintiff's counsel took part in the second trial, he was forced so to do against his protest. The stipulation entered into on the trial above set out was simply as to two questions about which there was no dispute. Nothing found in that stipulation in the remotest degree referred to the vacated judgment, and no consent to the order vacating the judgment can be found in it either in apt terms or by construction.

It is also stated in defendant's brief that stay of execution was granted for 24 hours, but nothing of the kind is found in the record, nor is it claimed that such stay was granted on plaintiff's motion. Such unsupported statement cannot be considered *de hors* the record. *Homewood v. Stein,* 211 Ill. App. 359.

For the foregoing reasons the judgment of the superior court is reversed and the cause is remanded to that court with directions to expunge from the record

all orders entered in said cause subsequent to the June term, 1926 of said court, and to restore to the record the judgment entered in said cause June 25, 1926, for the sum of $708.22.

*Reversed and remanded with directions.*

TAYLOR, P. J., and WILSON, J., concur.