driver of any vehicle who operates such vehicle in violation of the Statute'' etc., shall be punished. Certainly the trucking company knowingly permitted these trucks to be driven on the Illinois highways with the knowledge that the load would shift, so that it would be in violation of the statute. The driver also knew that this load would shift, so that some of the axles on his outfit would be overloaded. We think that the statute is broad enough to cover such a violation as shown by the stipulation in this case.

The appellants have argued in their brief that this statute in question is unconstitutional, as it violates due process of the provisions of equal protection of the Constitution of the State of Illinois, and the Constitution of the United States. The appellants by bringing the case to this court have waived the question whether this law is unconstitutional or not. *People v. Andalman*, 346 Ill. 149 and *People v. Garwood*, 317 Ill. 578.

We find no error in this case, and the judgments appealed from should be and are affirmed.

*Affirmed.*

Joseph Piekarczyk, Appellant, v. John Gibas, Appellee. Gen. No. 45,168. ▮▮▮▮▮▮

 Irving Goodman, for appellant; Edward F. Vyzral, for appellee. Opinion by PRESIDING JUSTICE BURKE. Not to be published in full. Opinion filed January 31, 1951; released for publication March 13, 1951.

## People of State of Illinois, Defendant in Error, v. George Petropulos, Plaintiff in Error.

### Gen. No. 45,210. 

 William T. Pridmore, for plaintiff in error; Marion G. McClelland, of counsel; John S. Boyle, State's Attorney of Cook County, for defendant in error; John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and Albert Zemel, Assistant State's Attorneys, of counsel. Opinion by PRESIDING JUSTICE BURKE. Not to be published in full. Opinion filed January 31, 1951; released for publication March 13, 1951.