Gloria I. NELSON et al., Appellants,

v.

Elizabeth Thompson SWIFT, Appellee.

No. 14826.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 17, 1959.

Decided Oct. 15, 1959.

---

Mr. Earl H. Davis, Washington, D. C., for appellants.

Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., Randolph C. Richardson, and John F. Mahoney, Jr., Washington, D. C., were on the brief, for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

This appeal is from an order quashing service of process. The complaint says appellant, the tenant of an apartment in a building located in the District of Columbia and owned by appellee, was injured by a fire caused by defective wiring etc. of which appellee had notice. Appellee was not in the District of Columbia, and the summons was served on an agent she had employed "to manage and maintain the apartment building . . . and collect and account for the rents". According to the agent's undisputed affidavit the appellee had not authorized him, in writing or orally, to accept or receive service of process on her behalf.

The District Court rightly quashed service. Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S. C.A., upon which appellant relies, provides that service may be effected upon an individual by delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process." Appellee's managing agent was clearly not authorized by "appointment", for "any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process * * *." Schwartz v. Thomas, 1955, 95 U.S.App.D.C. 365, 368, 222 F.2d 305, 308. Nor was the managing agent authorized "by law". The phrase "by law" refers to statutory provisions for substituted service. See 2 Moore, Federal Practice (2d Ed.) ¶ 4.12. Many states have statutes authorizing substituted service upon a non-resident property owner for private civil actions arising out of the property. Whether such a statute should be enacted for the District of Columbia is a matter which might well receive the consideration of Congress.

Affirmed.