Per Curiam.

Motion for reargument granted and upon reargument the decision on the appeal is amended to read as follows:
Order unanimously reversed, with $10 costs to appellant, motion -granted, judgment vacated, complaint dismissed and restitution directed to be made within 10 days after service of a copy of the order hereon, with notice of entry.
The judgment against the trade name herein is a nullity "because there is no provision of law which permits the commencement of an action against a business operating under a trade name but rather permits the commencement of an action against an indiyidual, doing business under a trade name. Neither Betty Garfinkel nor Aaron H. Garfinkel was named as a defendant dping business under a trade name. Consequently no action in *688 fact was commenced against either. .The service of the summons upon Betty Garfinkel was a nullity, she not having been named as a person doing business under a trade name. The payment of the judgment by Aaron H. Garfinkel was a nullity in view of the fact that no valid action had ever been commenced against him (Alcalde v. Butler, 9 Misc 2d 269). Section 222-a of the Civil Practice Act, which authorizes partners to be sued in their partnership name is inapplicable since no partnership is here involved.
Insofar as leave to appeal to the Appellate Division is requested, the motion is denied.
Order reversed, etc.
Concur — Hart, Di Giovahna and Brown, JJ.