STONE & ADLER, INCORPORATED, Plaintiff-Appellee, *v.* JOSEPH COOPER, Individually and d/b/a J. J. COOPER & ASSOCIATES, Defendant-Appellant—(MADISON BANK AND TRUST COMPANY, Garnishee-Defendant-Appellee.)

(No. 58644;

First District (4th Division)—June 26, 1974.

*Rehearing denied July 24, 1974.*

Robert E. Cleveland, of Chicago, for appellant.

Eli E. Fink and Ronald R. Rassin, of Fink, Coff and Nudelman, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the circuit court denying a petition to vacate a default judgment entered against the defendant on May 30, 1972. The defendant's principal contention is that the court entering the default judgment lacked jurisdiction over his person.

Plaintiff, Stone and Adler, Incorporated, sued "Joseph Cooper, individually and Joseph Cooper, doing business as J. J. Cooper and Associates" for a balance in the amount of $9,170.41 allegedly due and owing plaintiff for certain advertising services performed by it for defendant. A summons designating the same parties as the complaint was issued with a return date of March 24, 1972. The return of the deputy sheriff shows that service was had upon "J. J. Cooper and Associates" by leaving a copy with one V. Groole on March 8, 1972, at a business office. The return also shows an unsuccessful attempt on six different days to serve Joseph Cooper individually.

Because of the deputy sheriff's inability to personally serve Joseph Cooper individually, the plaintiff moved the court to appoint one Wilbur Beaton as special process server, and the motion was granted on March 30, 1972. A new summons was issued with a return date of April 25, 1972, and the record shows that service of this summons was had on Joseph Cooper at his home. Cooper filed a timely pro se appearance and jury demand, in response to this alias summons, on the designated return date of April 25, 1972, and filed a timely answer to the complaint on May 8, 1972.

The record then indicates that a notice was sent by mail to J. J. Cooper stating that plaintiff would move on May 30, 1972, for a default judgment against Joseph Cooper, d/b/a J. J. Cooper and Associates, for failure to file an appearance on or before March 24, 1972, the return date designated on the original summons. On May 30, the court held an ex parte hearing without a jury, heard evidence, and entered a judgment "against the defendant Joseph Cooper d/b/a J. J. Cooper & Associates" in the amount of $9,170.41.

It is the defendant's principal contention that the default judgment was based on a defective service rendering it void. We agree.

■■ It is axiomatic that one of the essentials of a valid judgment is

that the court have jurisdiction to render it, and service of process on a defendant is a necessary and imperative element and prerequisite before the court can have jurisdiction to enter a judgment against him. (*Janove v. Bacon*, 6 Ill.2d 245, 128 N.E.2d 706.) The Illinois Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110) designates the required procedure regarding personal service on individuals (sec. 13.2), on private corporations (sec. 13.3), and on partnerships and partners (sec. 13.4). Here, although it is unclear from the record what type of organization J. J. Cooper and Associates actually constituted, it is eminently plain that it was not sued as either a corporation or a partnership. The complaint and summons identified the defendant as Joseph Cooper, and named him personally in two different capacities. Section 13.2 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 13.2) provides:

"Service on individuals.

Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy thereof with the defendant personally or (2) by leaving a copy at his usual place of abode, with some person of the family, of the age of 10 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode. The certificate of the officer or affidavit of the person that he has sent the copy in pursuance of this section is evidence that he has done so."

We must hold that the original service of summons on "J. J. Cooper and Associates" did not confer on the court jurisdiction over Joseph Cooper, and the default judgment entered pursuant thereto is therefore void. *Cf. Marder v. Betty's Beauty Shoppe*, 38 Misc.2d 687, 239 N.Y.S.2d 923.

It is apparent that plaintiff itself correctly recognized the necessity of not relying on the first service of summons on J. J. Cooper and Associates returnable on March 24, 1972. Plaintiff, when advised of the deputy sheriff's inability to serve Joseph Cooper personally, placed another summons with a special process server and Joseph Cooper was subsequently served personally at his home.

It then appears that the defendant Cooper filed a timely appearance, jury demand and answer in response to this alias summons with an eye toward defending the lawsuit. Nevertheless, the plaintiff, in this self-created confused state of the record, with service of a notice by mail obtained a default judgment against Joseph Cooper, d/b/a J. J. Cooper and Associates, by virtue of the first defective service of summons. And this was done even though at the time of the entry of the judgment the

same court file indicated that another summons had been issued for Joseph Cooper and that he was served and his appearance, jury demand and answer to the complaint were on file.

Plaintiff argues, *inter alia,* that even if service were improper and invalid, it must still be concluded that the trial court acquired jurisdiction over Joseph Cooper, d/b/a J. J. Cooper and Associates, prior to the date that the default judgment was entered because of the filing of a general appearance by the defendant and his open participation in several court hearings after service. (*People v. Estep,* 6 Ill.2d 127, 126 N.E.2d 637; *Supreme Hive Ladies of the Maccabees of the World v. Harrington,* 227 Ill. 511, 81 N.E. 533; *City of Chicago v. Bah,* 101 Ill.App.2d 17, 241 N.E.2d 640 (abstract opinion.) The record does indeed indicate that Joseph Cooper filed a general appearance on April 25, 1972, more than 1 month before the entry of the default judgment on May 30. This appearance, however, unlike those alluded to in the cases cited by plaintiff, was in response to service of an alias summons on defendant after the first summons issued for him individually, and requiring him to appear by March 24, was returned by the sheriff without being served. It would be untenable to validate entry of a default judgment against defendant for failure to appear on March 24 when the court did not acquire the power to compel him to appear until almost a month later with the issuance and service of an alias summons—and he made a proper and timely appearance in response to that summons. The plaintiff also cites authority for the proposition that an appearance filed late without leave of court cannot of itself stop a default judgment (*Piekarczyk v. Gibas,* 342 Ill.App. 510, 97 N.E.2d 129 (abstract opinion), and that a pleading filed late can be treated as a nullity (*Hamilton Glass Co. v. Borin Manufacturing Co.,* 248 Ill.App. 301) to buttress its contention that the default judgment was proper. These cases are inapposite because the defendant's appearance here was not late, but complied with the time requirements of the alias summons—the only summons which was properly served on him.

■■ Jurisdiction in a particular case is not only the power of the court to hear and determine it, but also the power to render the particular judgment entered, and every act of the court beyond its jurisdiction is void and may be vacated at any time. (*Thayer v. Village of Downers Grove,* 369 Ill. 334, 16 N.E.2d 717.) Our conclusions on this issue are decisive of this appeal. We recognize that plaintiff filed a motion in this court to strike defendant's appeal alleging failure to file a notice of appeal within the jurisdictional time period, and we took the motion with the case. That motion is now overruled as having no merit. We have considered all of the other contentions raised here by plaintiff,

but do not believe that they require a detailed discussion in view of our determination that the court had no jurisdiction to enter the judgment.

The order denying the motion to vacate the default judgment against the defendant is reversed and that judgment is vacated and set aside. The cause is remanded for further proceedings to allow the defendant to defend against the lawsuit.

Reversed and remanded with directions.

ADESKO, P. J., and JOHNSON, J., concur.