The WEBSTER DICTIONARY
CORPORATION, Plaintiff,

v.

Ralph GINZBURG d/b/a the Webster's
Dictionary Co., Defendant.

No. 75 C 3154.

United States District Court,
N. D. Illinois, E. D.

Dec. 10, 1975.

William E. Lucas, Chicago, Ill., for plaintiff.

Simon & McClosky, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LYNCH, District Judge.

The defendant has filed a motion to dismiss the complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, asserting that: (1) Defendant has not been properly served with a summons and complaint in this action; (2) This Court lacks personal jurisdiction over the defendant; and (3) The venue of this action is improper.

On November 12, 1975, this Court stayed further discovery by the plaintiff relating to the questions of *in personam* jurisdiction and venue until defendant had been properly served with the summons and complaint in this action. Because the question of proper service of summons remains, the Court will temporarily stay any action as to the second and third grounds advanced by defendant in support of his motion to dismiss. At the present time, the only question before the Court relates to the propriety of service of process.

Defendant has pointed out in his memorandum in support of the motion to dismiss that the only process that has been served in this case was left on the desk of a receptionist in the offices of a corporation of which defendant is an officer. The office is located in New York City and the corporation in question is not a party to this suit.

Rule 4(e) of the Federal Rules of Civil Procedure allows for extraterritorial service whenever: (1) A statute of the United States so provides or (2) A statute of a state in which the district court is held so provides. This Court is convinced that the Lanham Trademark Act, Chapter 22 of Title 15 of the United States Code, has no express provision for extraterritorial service of process. *AAMCO Automatic Transmissions, Inc. v. Tayloe* (E.D.Pa.1973). Therefore, the validity of any extraterritorial service would depend upon the statutes of the State of Illinois.

Section 13 of Chapter 110 of the Illinois Revised Statutes provides for service of summons upon individual defendants by either: (1) leaving a copy with the defendant personally or (2) by leaving a copy at his usual place of abode with an appropriate member of defendant's family followed by a mailing of a copy of the summons to defendant's usual place of abode. It is readily apparent that neither of the two permissible methods of service was followed in this case.

Where an individual is sued as an individual and also in the name under which he is doing business, service of process on the business office does not confer jurisdiction over the defendant. *Stone & Adler, Inc. v. Cooper*, 20 Ill. App.3d 576, 315 N.E.2d 56 (1974).

It is not alleged that either the receptionist or the corporate officer present at the time of the service were employees of defendant. Nonetheless, even if they were employees of defendant, service of process on them would be insufficient. *Geldermann & Co. Inc. v. Dussault*, 384 F.Supp. 566 (N.D.Ill.1974).

The Court is not persuaded by plaintiff's argument that the commingling of funds by defendant with funds of a distinct corporation should validate the service in this case because it was served on said corporation. The undeniable fact is that this suit is against an individual and, as such, process must be served on that individual for this Court to gain

personal jurisdiction over that defendant.

The Court notes that an alias summons is currently in the hands of the United States Marshal in New York. Therefore, the Court declines to dismiss this cause of action at this time, notwithstanding the preceding analysis, until plaintiff has had a reasonable amount of time to effect service on defendant.