609 P.2d 596

Deborah KALAKOSKY, an unmarried person, Petitioner,

v.

The Honorable John P. COLLINS, Judge of the Superior Court, Pima County; and W. Russell Graham and Patricia Graham, husband and wife, real parties in interest, Respondents.

No. 2 CA–CIV 3538.

Court of Appeals of Arizona, Division 2.

March 11, 1980.

Michael A. Blum, Tucson, for petitioner.

Price & Price by J. Timothy Price, Tucson, for respondents/real parties in interest.

OPINION

HATHAWAY, Chief Judge.

An order of the respondent court denying petitioner's motion to dismiss a complaint filed against her is the subject of this special action. As we agree with petitioner that the service of the summons and complaint on her attorney was insufficient to confer jurisdiction over her, we assume jurisdiction.

Briefly, the events preceding the motion to dismiss are as follows. On July 5, 1979, petitioner executed a power of attorney giving Michael A. Blum her power of attorney for the purpose of selling the house and real estate, livestock and household furnishings as listed in the petition for dissolution of marriage, number D–26457, and authorizing him to use such funds as were obtained from these sales to pay petitioner's share of the debts listed on this same petition for dissolution. On October 6, 1979, Mr. Blum signed a deposit receipt and agreement for the sale of the real estate. On December 26, 1979, real parties in interest Graham, purchasers of the property, served a summons and complaint on petitioner, a named defendant, by service upon her attorney Michael A. Blum. A motion to dismiss was filed by petitioner, alleging lack of jurisdiction over her and insufficiency of process. The Grahams opposed the motion to dismiss, relying on attached copies of the deposit receipt and agreement and the power of attorney.

16 A.R.S., Rules of Civil Procedure, rule 4(d)(1), authorizes services of process "by delivering a copy of the sum-

mons and of the complaint to an agent authorized by appointment or by law to receive service of process." The term "agent authorized by appointment" means actual appointment, express or implied, for the purpose of receiving service of process. *Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971); *Nelson v. Swift*, 271 F.2d 504 (D.C. Cir. 1959); *U. S. v. Marple Community Record, Inc.*, 335 F.Supp. 95 (E.D.Pa.1971); *Foster v. Lewis*, 78 Nev. 330, 372 P.2d 679 (1962). See also, Annot., 11 L.Ed.2d 1036; Annot., 26 A.L.R.2d 1086; 2 Moore's Fed. Prac., 2nd ed. Sec. 4.12. The power of attorney executed by petitioner was for a limited purpose. As her attorney had not been appointed to receive service of process, petitioner's motion to dismiss should have been granted.

The order denying the motion to dismiss is hereby set aside with directions to enter an appropriate order.

HOWARD and RICHMOND, JJ., concur.