NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

GEORGE IKNADOSIAN, a single man; X-CALIBER GUNS, LLC, an
Arizona limited liability company; and X-CALIBER PROPERTIES, LLC,
an Arizona limited liability company, *Plaintiffs/Appellants*,

*v.*

ALEX MAHON, *Defendant/Appellee*.

No. 1 CA-CV 13-0205

FILED 06-05-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2010-009700
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

---

COUNSEL

Baker & Baker, Phoenix
By Thomas M. Baker
*Counsel for Plaintiffs/Appellants*

Burch & Cracchiolo PA, Phoenix
By Melissa Iyer and Daryl Manhart
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1        George Iknadosian, X-Caliber Guns, LLC, and X-Caliber Properties, LLC (collectively, "Appellants") appeal the trial court's grant of summary judgment in favor of Appellee Alex Mahon on the grounds Appellants failed to serve Mahon with a notice of claim pursuant to Arizona Revised Statutes ("A.R.S.") section 12-821.01(A) (2014). For the reasons discussed below, we affirm.

### Procedural History

¶2        In 2008, Iknadosian was arrested and charged for allegedly conducting illegal sales and transfers of firearms through his businesses, X-Caliber Guns, LLC and X-Caliber Properties, LLC. Certain personal and business property was seized, and a forfeiture proceeding was initiated by the State. Both the criminal charges and the forfeiture case were dismissed in 2009.

¶3        The State filed a second forfeiture case against Appellants in 2010 (hereinafter, the "Forfeiture II" case). Mahon was the Assistant Attorney General who was responsible for prosecuting the Forfeiture II case.

¶4        While the Forfeiture II case was pending, in March 2010, Appellants filed a lawsuit for malicious prosecution and conversion against the State of Arizona, the City of Phoenix, a Phoenix police officer, and the Arizona Attorney General. This lawsuit was based on the 2009 criminal case and the 2009 forfeiture case. Mahon was not named as a defendant in this lawsuit.

¶5        On February 13, 2011, the Forfeiture II case was dismissed. Thereafter, on July 5, 2011, Appellants requested leave to file a second amended complaint. In their amended complaint, Appellants sought to add a claim against Mahon for malicious prosecution based on his participation in the Forfeiture II case. The trial court granted Appellants'

motion, but Appellants did not actually file their second amended complaint until March 20, 2012.

**¶6**         Mahon eventually filed a motion to dismiss Appellants' second amended complaint. The trial court treated Mahon's motion as a motion for summary judgment, and granted the motion on the grounds Appellants failed to serve him with a notice of claim as required by A.R.S. § 12-821.01(A).[1] Appellants filed a timely notice of appeal.

**Discussion**

**¶7**         We review de novo a grant of summary judgment, viewing the evidence in the light most favorable to the party opposing the motion. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7, 11 (2003) (internal citation omitted). A party seeking summary judgment must support its motion with specific facts that are admissible as evidence. *See* Ariz. R. Civ. P. 56(e); *GM Dev. Corp. v. Cmty. American Mortg. Corp.*, 165 Ariz. 1, 8, 795 P.2d 827, 834 (App. 1990). A party opposing a motion for summary judgment must contest the accuracy of the moving party's evidence/affidavit with specific, admissible facts. *See* Ariz. R. Civ. P. 56(e); *Florez v. Sargeant*, 185 Ariz. 521, 526, 917 P.2d 250, 255 (1996). A court may grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

**¶8**         Appellants contend they personally served Mahon with a notice of claim through his "authorized agent," Junell Williams, a receptionist at the Attorney General's Office. Appellants argue that their alleged service on Williams creates a genuine issue of material fact and, as a result, the trial court erred in granting summary judgment in favor of Mahon.

**¶9**         A person with a claim against a public employee must, within 180 days after the claim accrues, "file" a copy of the notice of claim with the employee. A.R.S. § 12–821.01(A); *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351, ¶ 25, 160 P.3d 223, 230 (App. 2007). This requirement is met where a copy of the notice of claim is (1) personally delivered to the

---

[1]     The trial court references A.R.S. § 12-341.01(A) as the basis for its ruling, but cites the language from A.R.S. § 12-821.01(A). Thus, the court's reference to A.R.S. § 12-341.01(A) appears to be a clerical error.

employee, either in person or by mail, (2) left with a person of suitable age who is residing with the employee, or (3) served on a person who is authorized to accept service on behalf of the employee. *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 61, ¶ 20, 234 P.3d 623, 629 (App. 2010); *see Lee v. State*, 218 Ariz. 235, 239, ¶ 19, 182 P.3d 1169, 1173 (2008) (filing of notice of claim may be accomplished through regular mail); Ariz. R. Civ. P. 4(d) (rule governing service of summons on individuals). If the notice of claim is not properly filed within 180 days, the claim is barred. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527, ¶ 10, 144 P.3d 1254, 1256 (2006). Because strict compliance with the statute is required, "[f]ailure to comply with the statute is not cured by actual notice or substantial compliance." *Harris*, 215 Ariz. at 351, ¶ 25, 160 P.3d at 230; *see Simon*, 225 Ariz. at 62, ¶ 24, 234 P.3d at 630.

**¶10**　　　　Appellants' claim for malicious prosecution against Mahon accrued on February 13, 2011, the date the Forfeiture II case was dismissed. *Glaze v. Larsen*, 207 Ariz. 26, 29, ¶ 10, 83 P.3d 26, 29 (2004).[2] As a result, Appellants were required to serve Mahon with a notice of claim no later than August 12, 2011. A.R.S. § 12-821.01(A).

**¶11**　　　　Appellants concede that Mahon was never personally served with a notice of claim. In addition, Appellants do not claim they delivered a copy of the notice to a person residing at Mahon's residence. The sole issue is whether the receptionist at the Attorney General's Office was Mahon's "authorized agent" to receive service of the notice of claim on March 21, 2011.[3]

---

[2]　　　Throughout the proceedings in the trial court, Appellants asserted that their claims against Mahon accrued when the Forfeiture II case was dismissed on February 13, 2011. Now, for the first time on appeal, Appellants argue that their claim for malicious prosecution accrued on August 16, 2012. We do not consider this new argument because it was not raised in the trial court. *Harris*, 215 Ariz. at 349-50, ¶¶ 17-23, 160 P.3d at 228-29; *Englert v. Carondelet Health Network,* 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768–69 (App. 2000).

[3]　　　Appellants also argue that Mahon was served by certified mail at the Attorney General's Office on March 22, 2011. This argument was first raised in Appellants' motion for reconsideration, after the trial court issued its summary judgment ruling. However, on appeal we may only consider the evidence submitted by Appellants in support of their motion for summary judgment. *Cella Barr Assocs., Inc. v. Cohen*, 177 Ariz. 480, 487

¶12 Mahon submitted two personal affidavits in support of his motion, as well as an affidavit from Williams, the receptionist. In his affidavits, Mahon testifies that he has never been personally served with a copy of the notice of claim, and he has never appointed or authorized anyone, including Williams, to accept delivery of the notice on his behalf. Mahon avows that Williams never worked for him, and other than passing contact in the office, Mahon was only vaguely familiar with Williams.

¶13 At the time of the alleged service of the notice in March 2011, Mahon states that he had been retired from the Attorney General's Office since September 2010, only worked part-time as a "return retiree" for 4-5 hours every 2-3 months, and was self-employed in his own consulting business. Mahon testifies that he was in Mexico on the date Williams was allegedly served, and he had not worked in the main office for the Attorney General for approximately six months. Finally, Mahon avows that he was not aware of any claim by Appellants until April 2012.

¶14 Williams corroborates Mahon's affidavit testimony. Williams states that on March 21, 2011, she was working as a receptionist at the main office for the Attorney General. Williams avows that she has never been authorized or appointed by Mahon to accept service of any documents on his behalf. Moreover, Williams avows she never represented to anyone that she had the authority to accept service of documents on Mahon's behalf. Finally, Williams testifies that she does not recall receiving personal delivery of a notice of claim on the subject date, and that a review of her records for that date do not reflect that she received any such document.

¶15 In opposition to Mahon's affidavits, Appellants submitted the affidavit of their process server. In the affidavit, the process server states, "I personally served a copy" of the notice of claim on Mahon at the Attorney General's Office "by leaving true cop(ies)…with Junell Williams, receptionist, stated authorized to accept."

---

n.1, 868 P.2d 1063, 1070 n.1 (App. 1994). Moreover, Appellants provide no further evidence in support of this argument other than the fact the certified mail receipt is signed by "Joseph Montoya"- there is nothing in the record establishing who this individual is, or whether he was authorized to accept service on behalf of Mahon.

¶16        A person may act as an authorized agent to accept service of process only if they are "actually appointed" by another person to do so. *Kalakosky v. Collins*, 125 Ariz. 326, 327, 609 P.2d 596, 597 (1980); *Bowen v. Graham*, 140 Ariz. 593, 596, 684 P.2d 165, 168 (App. 1984). One of the reasons for strict adherence to this rule is that, with respect to a notice of claim, the person served "may not appreciate the significance of a notice of claim or realize that such a claim must be acted upon within sixty days." *Falcon*, 213 Ariz. at 529, ¶ 26, 144 P.3d at 1258. *See* A.R.S. § 12–821.01(E) ("A claim against a public entity or public employee . . . is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days.").

¶17        "It is well established that individuals may not be served by merely leaving the Complaint and Summons at their place of business." *Babb v. Bridgestone/Firestone*, 861 F. Supp. 50, 51 (M.D. Tenn. 1993). Thus, delivery to a receptionist at a defendant's place of employment is insufficient service. *Id; see Webster Dictionary Corp. v. Ginzburg*, 70 F.R.D. 412, 413 (N.D. Ill. 1975) (service on receptionist held improper); *Allison v. Utah Cnty. Corp.*, 335 F. Supp. 2d 1310, 1314 (D. Utah. 2004) (service insufficient on a defendant prosecutor where plaintiff left summons and complaint with receptionist; there was no showing that defendant had authorized anyone to accept service on her behalf); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286 (E.D.N.Y. 2000) (leaving a copy with a defendant's secretary was insufficient service of process); *West v. Paige*, 835 F. Supp. 20, 22 (D. Me. 1993) ("service upon a secretary at his place of employment . . . does not satisfy the service requirements"); *Lamont v. Haig*, 539 F. Supp. 552, 556–57 (D.S.D. 1982) (service of process on defendants' secretaries at their places of business was inadequate).

¶18        Finally, a process server's "[c]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997). *See also French v. Angelic*, 137 Ariz. 244, 246-47, 669 P.2d 1021, 1023-24 (App. 1983) (process server's affidavit stated that summons and complaint were allegedly served at defendant's "residence" by leaving copies with a woman at a residence where the mailbox had defendant's name on it; appellate court held there was sufficient evidence to support trial court's finding there was insufficient service of process based on defendant's affidavit that she did not live at the subject residence).

¶19        All of these authorities make it clear that only Mahon had the authority to appoint Williams as his authorized agent to accept

service.  Here, both Mahon's and Williams' affidavits state that Mahon did not authorize Williams to accept service on his behalf.  The only evidence Appellants offer to rebut these detailed affidavits is the conclusory affidavit of their process server, which asserts that someone, possibly Williams, "stated" she was authorized to accept service for Mahon.  This bare, conclusory assertion is insufficient to create a genuine, triable issue regarding service of the notice of claim.

¶20      Accordingly, we affirm the trial court's grant of summary judgment.

### Cross-Appeal

¶21      In his answering brief, Mahon also asserts two issues on cross-appeal: (1) Appellants' claim against Mahon is barred by the one-year limitation period of A.R.S. § 12-821, and (2) Mahon is immune from suit under the common law and A.R.S. § 13-4314(E).  While Mahon raised these issues below, the court did not consider them in making its ruling.  We therefore do not reach these issues on appeal.  *Rhoads v. Harvey Publ'ns, Inc.*, 131 Ariz. 267, 269, 640 P.2d 198, 200 (App. 1981) (noting that the power to affirm a summary judgment on grounds not considered by the trial court "must be exercised with extreme caution").

### Attorneys' Fees

¶22      We deny Appellants' request for attorneys' fees pursuant to A.R.S. § 12-348.  Appellants' case has been dismissed, and therefore Appellants are not entitled to an award of fees as a prevailing party under the statute.

### Conclusion

¶23      For the reasons discussed above, the trial court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh