Gabrielli, J.
In November, 1965, respondents entered into a contract with the State to perform certain electrical work at the State armory in Manhattan. The contract, as well as the *489 required specifications promulgated by the State, provided that there were to be two classes of workmen, described as “ electrician ” and “electrician-apprentice-lst term”. "When the work commenced in February, 1966, petitioners hired certain employees to assist and be under the direction of two “ electricians ”. These new employees, denominated apprentices by respondents, were paid at a rate less than that provided for electricians.*
By chapter 976 of the Laws of 1966, effective September 1, 1966, subdivision 3 of section 220 of the Labor Law was amended to provide that “ [n]o employee shall be deemed to be an apprentice unless he is individually registered in an apprenticeship program ”. This section was again amended by chapter 503 of the Laws of 1967, effective July 1, 1967, to further provide that any employee, not so registered, is to be paid the wage determined by the Department of Labor for the classification of work he actually performed. As provided by these two amendments the Industrial Commissioner held hearings and determined that since these employees were not registered in an apprenticeship program on September 1, 1966 (the effective date of the first amendment, Labor Law, § 220, subd. 3), they were entitled to be paid wages as “ mechanic electricians ”.
We must first determine whether the amendments have any application to the wrongs alleged by the Industrial Commissioner. In this regard we are in agreement with so much of the holding below as provides that the enactment of these two subdivisions may not be applied retroactively to this contract, which was executed prior to the effective dates of these amendments.
It cannot be successfully claimed that the Legislature intended the statute to have any retroactive application. The postponement of the effective date of each amendment furnishes critical and clear indicia of intent. If the amendments were to have retroactive effect, there would have been no need for any postponement (Matter of Ayman v. Teachers’ Retirement Bd. of City of N. Y. 9 N Y 2d 119,125). Furthermore, it is axiomatic that an amendment will have prospective application only, unless its language clearly indicates that a contrary interpretation *490 is to be applied (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 52; Matter of Mulligan v. Murphy, 14 N Y 2d 223, 226; Jacobus v. Colgate, 217 N. Y. 235). In Jacobus, Judge Cabdozo wrote (at p. 240) that “ [t]he general rule is that statues are to be construed as prospective only [citation]. It takes a clear expression of the legislative purpose to justify a retroactive application [citations]. Changes of procedure, i.e., of the form of remedies are said to constitute an exception [citations], but that exception does not reach a case where before the statute there was no remedy whatever [citations].” (emphasis in original); and, more recently, then — Judge Fuld in Longines-Wittnauer Watch Co. v. Barnes & Reineche (15 N Y 2d 443, 453) stated that “ where the effect of the statute ‘ is~to create a right of action ’ which did not previously exist, it is presumed that the statute was intended to have only prospective application.” (See, also, Carder Realty Corp. v. State of New York, 260 App. Div. 459, affd. 285 N. Y. 803.) Here, it is patently evident that the amendments accomplish more than a mere prescription regarding procedural requirements in aid of a pre-existing right. They actually create new requirements to be met by the employer which, if not followed, offer immediate recourse to employees who may need to show only the breach of these requirements to recover. Evadan Realty Corp. v. Patterson (192 Misc. 850, affd. 276 App. Div. 751, mot. for lv. to app. den. 276 App. Div. 893) relied on the commissioner is inapposite. There, the amendment created only a subtraction of a purely procedured requirement which in no way created a new ground for recovery.
To reach a contrary result in this case would serve to impose new conditions upon and impair the obligations of a contract already existing, under which the parties had fully entered into the performance of their work; and such a construction might well raise substantial constitutional questions (Carder Realty Corp. v. State of New York, 260 App. Div. 459, affd. 285 N. Y. 803, supra).
Upon another aspect of this case we are, however, required to remit for further proceedings. The employees originally filed charges alleging not only violations of the amendments (Labor Law, § 220, subds. 3 and 3-e), but further claimed that they had been hired and had actually performed work as elec *491 tricians. While evidence was produced in this regard, it appears that a substantial factual controversy still exists concerning the nature of the employees ’ hiring and their work. But the record is deficient for lack of the administrative determination appealed from. The Appellate Division recognized the incompleteness of the record. Absent the findings and conclusions, a proper basis for a determination as to whether there was substantial evidence to support a recovery, would rest upon pure speculation.
The order of the Appellate Division should be modified, with costs, and the matter remitted to the Appellate Division for further proceedings in accordance with this opinion and, as so modified, affirmed.
Chief Judge Fuld and Judges Bubke, Jasen, Jones and Wachtler concur; Judge Breitel taking no part.
Ordered accordingly.

 It is undisputed that these employees received wages equal to or exceeding the prevailing rate establishd by the State for apprentices as provided in the contract.