■ BLACK & DECKER MANUFACTURING Co., Respondent, v STRATFORD INDUSTRIES, INC., Appellant.—In a proceeding by a judgment creditor for the appointment of a receiver, defendant appeals from an order of the Supreme Court, Kings County, dated December 13, 1976, which (1) granted the application, (2) appointed a receiver and (3) denied defendant-appellant's cross motion to vacate the underlying judgment. Order affirmed, with $50 costs and disbursements, upon the opinion of Mr. Justice Hirsch at Special Term. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

■ CHAR-MO INVESTORS, INC., Respondent, v MARKET INSURANCE COMPANY, Appellant.—In an action on a policy of fire insurance, defendant appeals from so much of an order of the Supreme Court, Queens County, entered January 4, 1977, as, upon reargument, *inter alia,* denied its motion to dismiss the complaint on the ground that the action was barred by the limitation provision in the policy. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion to dismiss the complaint granted. Plaintiff entered into a contract of fire insurance with defendant. In accordance with section 168 of the Insurance Law, that policy provided for a 12-month limitation of actions. On December 19, 1974, during the effective life of the policy, plaintiff allegedly suffered a loss by fire. Effective September 1, 1975, section 168 of the Insurance Law was amended to increase the limitations period to two years (L 1975, ch 560, § 1). Defendant refused to indemnify plaintiff for its loss and, on February 20, 1976, plaintiff commenced the instant action by service of a summons and complaint. The action is thus barred by the terms of the policy, but would be permitted by section 168 as amended. The question to be decided on this appeal is whether that amendment may be applied to extend the period of limitation set forth in plaintiff's policy. We conclude that it may not. Ordinarily, Statutes of Limitation are given a prospective construction unless the contrary is clearly indicated. (See, e.g., *Hastings v Byllesby & Co.,* 265 App Div 643; McKinney's Cons Laws of NY, Book 1, Statutes, § 59, p 129.) The amendment to section 168 gives no indication that it was meant to apply retroactively. Accordingly, the one-year limitation period contained in the policy applies, and plaintiff's action is barred. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.