**OCEAN & ATMOSPHERIC SCIENCE, INC., Plaintiff,**

v.

**SMYTH VAN LINE, INC., Noble Van & Storage Co., Inc., Eagle Star Insurance Company, Ltd. and Adams, Scott & Conway, Inc., Defendants.**

No. 77 CIV. 5010(MP).

United States District Court, S. D. New York.

March 22, 1978.

Singer & Deitsch by David H. Deitsch, New York City, for plaintiff.

Rein, Mound & Cotton by C. Raymond Nelson, New York City, for defendant Eagle Star.

## OPINION

POLLACK, District Judge.

This is a motion by defendant Eagle Star Insurance Company, Ltd., for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on the ground that the action asserted against it is time barred. For the reasons given below, the motion must be granted.

On or about August 1, 1973 the said defendant issued a "special multi-peril" policy of insurance, insuring the plaintiff from August 1, 1973 to August 1, 1976. On or about March 8, 1976 the plaintiff applied for and obtained a binder or addition to the policy for "trip transit to LBJ Flight Center, Houston, Texas," in the sum of $50,000 on certain instruments and accessories.

While the policy and the addition thereto were in force and effect, some time between March 9 and March 30, 1976, the

plaintiff's property, the instruments and accessories, were damaged in transit. Plaintiff presented a claim for the damage to the said defendant under the policy, which was rejected. This action was instituted on October 14, 1977, some twenty months after the loss occurred.

The policy of insurance includes the New York Standard Fire Policy as mandated by Section 168 of the New York Insurance Law. It provides:

Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and *unless commenced within twelve months next after inception of the loss.* (Emphasis supplied).

Moreover, the addition to the coverage obtained on March 8, 1976 was expressly made:

Subject to all the stipulations, limitations, conditions and exclusions in the policy of which this form constitutes a part and subject also to the provisions of this form.

Since the action against said defendant was not commenced within twelve months after the loss occurred, the said defendant claims that suit thereon is barred.

Under the Insurance Law of New York, no policy or contract of fire insurance shall be made, issued or delivered by any insurer on any property in this state, unless it shall conform as to all provisions, stipulations, agreements and conditions with the form of the "standard fire insurance policy of the state of New York". The policy which plaintiff obtained did conform. The short one-year limitary period for commencement of suit against the insurance company after inception of loss was the period fixed by the Insurance Law as it existed at the time of issuance of the policy in 1973.

The Insurance Law, § 168, was amended in part by Chapter 560, Laws of New York 1975, approved August 1, 1975. By express provision, the amendment was to take effect on September 1, 1975. The amendment was in that part of the standard fire policy designated "Suit" and substituted "two years" for "twelve months".

The plaintiff contends that the longer period is applicable to its claim because it obtained the endorsement to the policy mentioned above six months after the statute was amended and its cause of action arose between March 9, and March 30, 1976.

██ Plaintiff's contention must fail. The 1975 amendment was not intended to apply retroactively to change the provisions of a policy of insurance previously issued. A retroactive intent must clearly appear from the context of a statute. *Parkchester Apartments Co. v. Lefkowitz,* 51 A.D.2d 277, 381 N.Y.S.2d 230, 233–34 (1st Dept. 1976), 1 McKinney's Statutes, § 51(b). An amendment to a statute is only given prospective application unless its language clearly indicates a contrary intent. *Deutsch v. Catherwood,* 31 N.Y.2d 487, 341 N.Y.S.2d 600, 294 N.E.2d 193 (1973); 1 McKinney's Statutes § 52. Where as here there has been a postponement of the effective date, that is some evidence that retroactive application was not intended. *Jordan v. Westhill Central School District,* 42 A.D.2d 1043, 348 N.Y.S.2d 620 (4th Dept.1973).

Consistently with the foregoing, the state courts, construing the change in the limitary period for suits, have held that suits brought after the change in § 168 to a two year period on a policy written before the 1975 amendment were nonetheless barred as untimely under the twelve month limit. In *Char-Mo Investors, Inc. v. Market Insurance Company,* 58 A.D.2d 589, 395 N.Y.S.2d 250 (2d Dept.1977), the court stated:

The action is thus barred by the terms of the policy, but would be permitted by section 168 as amended. The question to be decided on this appeal is whether that amendment may be applied to extend the period of limitation set forth in plaintiff's policy. We conclude that it may not. Ordinarily, statutes of limitation are given a prospective construction unless the contrary is clearly indicated. (See, e. g., *Hastings v. Byllesby & Co.,* 265 App.Div. 643, 40 N.Y.S.2d 299; McKinney's Cons.

Laws of N.Y., Book 1, Statutes, § 59, p. 129). The amendment to section 168 gives no indication that it was meant to apply retroactively. Accordingly, the one-year limitation period contained in the policy applies, and plaintiff's action is barred.

To the same effect, *630 Eagle Avenue Corp. v. New York Property Insurance Underwriting Association* (Sup.Ct.1976), in N.Y. L.J., June 30, 1976, at 9, col. 2, *aff'd mem.*, 56 A.D.2d 525, 391 N.Y.S.2d 829 (1st Dept. 1977).

The motion for summary judgment is granted and the defendant insurance company shall have judgment dismissing this suit against it.

SO ORDERED.