■ In the Matter of GERALD CADY, Respondent, v COUNTY OF BROOME et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Smyk, J.), entered May 20, 1981 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to pay benefits to petitioner pursuant to section 207-c of the General Municipal Law. Section 207-c of the General Municipal Law, originally enacted in 1961 (L 1961, ch 920, § 1), provided certain benefits for "[a]ny member of a police force of any county, city of less than one million population, town or village * * * who is injured in the performance of his duties". In 1980, section 207-c was amended to specifically include Deputy Sheriffs and certain other peace officers among those entitled to the benefits of the statute (L 1980, ch 727, § 1). Petitioner, a Deputy Sheriff employed by respondents, was injured in the performance of his duties prior to the effective date of the amendment and remains disabled from such injuries. Special Term held that petitioner was entitled to the benefits of section 207-c, as amended, and this appeal ensued. The issue framed by petitioner is not whether Deputy Sheriffs were entitled to the benefits of section 207-c as originally enacted,[1] but rather, the sole issue is whether petitioner is entitled to the benefits of section 207-c by virtue of the amendment to that statute effected by chapter 727 of the Laws of 1980, which would require a retroactive application of the statute. Legislation is generally construed as prospective only unless the language of the statute, either expressly or by necessary implication, requires retroactive application (*Matter of Parkchester Apts. Co. v Lefkowitz,* 51 AD2d

1. Both the Comptroller and the Attorney-General have concluded that Deputy Sheriffs were not covered by the original legislation (see 19 Opns St Comp, 1963, p 387; 1976 Opns Atty Gen 254).

277, 281, affd 41 NY2d 987). There is an exception to this general rule for remedial statutes, which can be given retrospective application to the extent that it does not impair vested rights (*Cook v City of Binghamton,* 67 AD2d 469, 471, 472, mod on other grounds 48 NY2d 323). "Remedial statutes are those 'designed to correct imperfections in prior law, by generally giving relief to the aggrieved party'" (*Coffman v Coffman,* 60 AD2d 181, 188). While this exception does not apply to statutes creating new rights and remedies where none previously existed (*Jacobus v Colgate,* 217 NY 235), where, as here, the amendment is enacted to rectify an inequity by extending existing benefits to a class of persons arbitrarily denied those benefits by the original legislation,[2] the amendment is remedial and should be applied retrospectively (*Matter of Busch v Austin Co.,* 37 AD2d 648). We also note that chapter 727 of the Laws of 1980 was made effective immediately, rather than having a postponed effective date which would have furnished "critical and clear indicia of [legislative] intent" that the statute was to have prospective effect only (*Matter of Deutsch v Catherwood,* 31 NY2d 487). The judgment should be affirmed. Judgment affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.

2. The various memoranda and other documents filed in support of the legislation indicate that one purpose of chapter 727 of the Laws of 1980 was to cure the inequity created by the interpretation of the original legislation which drew a distinction between city, town and village police officers and Deputy Sheriffs whose duties were similar and whose chances of injury in the line of duty were similar.