■ LEO PROVOSTY et al., Respondents, v LYDIA E. HALL HOSPITAL, Appellant, et al., Defendants. (And a Second Action.) — In two interrelated medical malpractice actions, defendant Lydia E. Hall Hospital appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated March 15, 1982, as (1) denied its motion to dismiss the complaint in Action No. 1 for lack of personal jurisdiction, (2) granted the plaintiffs' cross motion, *inter alia*, to strike the affirmative defense of the Statute of Limitations in Action No. 2 and estopped the appellant from asserting the defense in that action, and (3) directed the attorney for the appellant "to serve on counsel for all parties appearing in actions in which either 'Syosset Hospital' or 'Lydia E. Hall Hospital' have been named as defendants, written notification that the hospitals [in question] are tradenames" utilized by their sole owner, Dr. Carl H. Neuman. Order reversed insofar as appealed from, on the law, without costs or disbursements, appellant's motion to dismiss the complaint in Action No. 1 granted, and plaintiffs' cross motion, *inter alia,* to strike the affirmative defense of the Statute of Limitations in Action No. 2 denied. On June 12, 1978 plaintiffs Leo and Mildred Provosty commenced a medical malpractice action (Action No. 1) against Lydia E. Hall Hospital and several doctors, in which they erroneously alleged in the "FIRST" paragraph of their complaint that "the defendant, Lydia E. Hall Hospital [is] a domestic corporation, licensed to do business and doing business in the State of New York". Subsequently, on September 18, 1978, the hospital, by its attorney, Morris Ehrlich, P. C., interposed an answer in which it specifically denied the allegations of the "FIRST" paragraph of the complaint, and alleged, *inter alia,* as an affirmative defense that the court lacked jurisdiction "over the person of the defendant Lydia E. Hall Hospital". In addition, the hospital interposed a cross claim for contribution and/or indemnification against the various individual doctors named in the complaint. It is undisputed that Lydia E. Hall Hospital is not a corporation, and that it is a "trade name" employed by its sole owner, Dr. Carl H. Neuman. Moreover, it is further undisputed that a certificate of doing business under the assumed name "Lydia E. Hall Hospital" had been filed by Dr. Neuman in the Nassau County Clerk's office in the summer of 1974 (see General Business Law, § 130). In addition, it appears without contradiction that at an examination before trial conducted on July 19, 1979, i.e., three months *prior* to the expiration of the applicable Statute of Limitations, the plaintiffs' attorney was apprised of the fact that the hospital in question was a

proprietary institution owned exclusively by Dr. Neuman. Notwithstanding the foregoing actual and constructive notice, however, it is clear that no service was ever made upon Dr. Neuman in Action No. 1, and that it was not until after the expiration of the Statute of Limitations that he was served with process in the second (virtually identical) medical malpractice action commenced against the same individuals and "Carl [H.] Neuman d/b/a Lydia [E.] Hall Hospital". Dr. Neuman appeared in that action on or about August 19, 1981, and interposed an answer containing the Statute of Limitations as an affirmative defense. He thereafter moved to dismiss the complaint in Action No. 1 for lack of jurisdiction, whereupon the plaintiffs cross-moved, *inter alia*, to strike the Statute of Limitations as an affirmative defense in Action No. 2. As has already been indicated, Special Term ruled in favor of the plaintiffs on both of these motions and this appeal followed. In arguing, *inter alia*, that the complaint in Action No. 1 must be dismissed, Dr. Neuman correctly maintains that a trade name, as such, has no separate jural existence, and that it can neither sue nor be sued independently of its owner, who in this case was concededly never served (see *Little Shoppe Around Corner v Carl,* 80 Misc 2d 717). Moreover, the fact of a separate corporate existence was specifically denied in the hospital's answer, and the jurisdictional objection was adequately preserved by the timely assertion of an appropriate affirmative defense (see CPLR 3211, subd [e]; cf. *Kurz v Casey,* 81 AD2d 634; *Ryan v Nationwide Mut. Ins. Co.,* 20 AD2d 270, 272; 1 Weinstein-Korn-Miller, NY Civ Prac, par 305.16). Under these circumstances, the mere interposition of a related, protective cross claim in the hospital's answer cannot, without more, be held to constitute a waiver of the jurisdictional objection (see *Italian Colony Rest. v Wershals,* 45 AD2d 841; cf. *Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363, 366, app dsmd 47 NY2d 951; *Goodman v Solow,* 27 AD2d 920). Therefore, Special Term erred in refusing to dismiss the complaint in Action No. 1. As this court stated in *Italian Colony Rest. v Wershals* (*supra,* p 841): "A defendant should be permitted to assume that, if jurisdiction is sustained, the litigation will dispose of all aspects of the controversy. To this end, he should be permitted to interpose any related counterclaim, cross claim or even third-party claim without thereby waiving his jurisdictional objection. It is surely the better practice to raise and resolve such jurisdictional objections by way of a motion under CPLR 3211 (subd. [a], par. 8). However, to force a defendant, wishing to assert a third-party claim and properly raising the jurisdictional objection in his answer (CPLR 320, subd. [b]), to first resolve this issue by himself bringing on an appropriate motion would nullify his very right to proceed by way of answer instead of motion (see Practice Commentary by Professor David D. Siegel, McKinney's Cons. Laws of N. Y. Book 7B, CPLR 3211, p. 64; *Katz & Son Billiard Prods.* v. *Correale & Sons,* 26 A D 2d 52, affd. 20 N Y 2d 903)." Turning our attention to Action No. 2, we again believe that Special Term erred in concluding that Dr. Neuman should be equitably estopped from interposing the Statute of Limitations as an affirmative defense, for while it is well established that "[a] party may not, even innocently, mislead an opponent and then claim the benefit of his deception" (*Romano v Metropolitan Life Ins. Co.,* 271 NY 288, 293; see *Dupuis v Van Natten,* 61 AD2d 293), the facts of the instant case preclude the invocation of estoppel. Thus, while the plaintiffs maintain, in effect, that they were "lulled" into a false sense of security by the fact that the answer in Action No. 1 was worded in such a manner as to convey the impression that the hospital existed as a separate jural entity (e.g., the fact that the cross claim was pleaded in the *name* of the defendant hospital), the fact remains that the answer (1) specifically denied that paragraph of the complaint which alleged

that the hospital was a "domestic corporation, licensed to do business and doing business in the State of New York", and (2) pleaded the lack of personal jurisdiction as an affirmative defense. In addition, a certificate of doing business under the assumed name "Lydia E. Hall Hospital" had been on file with the Nassau County Clerk's office since the summer of 1974, and the plaintiffs' attorney had been specifically informed at an examination before trial on July 19, 1979 of the nature of the hospital's ownership. Under these circumstances, it can be persuasively argued that the plaintiffs were placed on notice on at least three separate occasions that the hospital owner in question was *not* a corporation, and that there was a strong possibility that personal jurisdiction over him had never been obtained. Moreover, assuming, *arguendo,* that the answer, when viewed as a whole, tended to mislead the plaintiffs into believing that the hospital was a separate legal entity or that it failed to disabuse them of their previous misconception in this regard (see *Marshall v Acker,* NYLJ, July 14, 1981, p 14, col 4), the fact remains that the plaintiffs' attorney was specifically informed of the true facts regarding the hospital's ownership some three months *prior* to the expiration of the applicable Statute of Limitations, and that he nevertheless failed to cure the defect in service in Action No. 1. On these facts, there is simply no basis upon which to predicate an estoppel, as the conduct relied on ceased to be operational within a reasonable time prior to the expiration of the otherwise applicable period of limitations (see *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 24 AD2d 975; see, also, *Simcuski v Saeli,* 44 NY2d 442, 450-451). Lastly, Special Term exceeded its authority in directing appellant's attorney to give written notification of the hospital's status as a "trade name" for Dr. Neuman to all of the parties who had thus far appeared in actions against Lydia E. Hall Hospital and another proprietary hospital owned by Dr. Newman, i.e., Syosset Hospital. Accordingly, this aspect of the court's order must also be deleted. Titone, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.