OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, respondents’ determination annulled and the matter remitted to the Appellate Division for remand to respondents for further proceedings in accordance with this memorandum.
In this expedited professional conduct proceeding, authorized by Education Law § 6510 (2) (d) based upon petitioner’s conviction of a crime (Education Law § 6509 [5] [a] [ii]) pursuant to which his license to practice accounting was revoked, the Regents Review Committee refused to make a stenographic record *990 of its proceedings. Petitioner contends that this refusal was a denial of due process and precluded the Board of Regents from properly considering a full record of the proceedings before the Committee, including the “evidence and testimony relating to the nature and severity of the penalty to be imposed upon the licensee.”
At the time the petitioner’s hearing was conducted the statute did not require that a stenographic record be made.
However, on December 21, 1984, Education Law § 6510 was amended in respect to such proceedings. The Laws of 1984 (ch 1005, § 15) amended section 6510 (2) (d) to provide that where authorized expedited proceedings are followed and there is a referral to a Regent’s Review Committee for review, there shall be added to the notice of hearing the statement that the licensee may present evidence or sworn testimony on his behalf. The requirement that a stenographic record of the hearing be made was also added (L 1984, ch 1005, § 15). Section 6510 (4) (b) was amended to require that in those expedited proceedings where there is a direct referral to the Regent’s Review Committee pursuant to section 6510 (2) (d), in addition to those matters already required to be considered by the Committee, its review must be based on “any evidence or sworn testimony presented by the licensee or the department at the hearing.” (L1984, ch 1005, § 16.) Further amendments to Education Law § 65Í0 were made by the Laws of 1984 (ch 1018). Section 3 of that chapter provided in pertinent part that such evidence and sworn testimony submitted to the Committee “shall be limited to evidence and testimony relating to the nature and severity of the penalty to be imposed upon the licensee” (L 1984, ch 1018, § 3).
These amendments to Education Law § 6510 were to take effect immediately and would apply “to proceedings in which a notice of hearing has been served on the licensee * * * prior to the effective date of such [amendments]” (L 1984, chs 1005, 1018).
It is the rule “that a court applies the law as it exists at the time of appeal, not as it existed at the time of original determination”. (Matter of Alscot Investing Corp. v Board.of Trustees, 64 NY2d 921; Post v 120 E. End Ave. Corp., 62 NY2d 19, 28-29; Mayer v City Rent Agency, 46 NY2d 139, 149; Matter of Tartaglia v McLaughlin, 297 NY 419; Quaker Oats Co. v City of New York, 295 NY 527, 536.) Where the amended law “is procedural and remedial in nature * * * it should be liberally construed to spread its beneficial effects as widely as possible.” (Post v 120 E. End Ave. Corp., supra, at p 24.)
*991 By directing that those sections of chapters 1005 and 1018 of the Laws of 1984 shall take effect immediately, the Legislature clearly indicated that these amendments are to be viewed as remedial, “ ‘ “designed to correct imperfections in prior law, by * * * giving relief to [an] aggrieved party” ’ (Cady v County of Broome, 87 AD2d 964, 965; Coffman v Coffman, 60 AD2d 181, 188.) Consequently, a new proceeding must be conducted in conformity with the statute as amended.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum.
Judgment reversed, etc.