Luther M. RAGIN, Jr., Deborah Fish Ragin, Renaye B. Cuyler, Jerome F. Cuyler, Open Housing Center, Inc., and National Association For the Advancement of Colored People, Plaintiffs,

v.

The HARRY MACKLOWE REAL ESTATE CO., INC., The Harry Macklowe Organization, Harry Macklowe, Wilson Macklowe and Elfon Realty Co., Defendants.

No. 88 Civ. 5665 (RWS).

United States District Court,
S.D. New York.

June 22, 1989.

Hill, Betts & Nash, New York City (Thomas A. Holman, of counsel), Washington Lawyers' Committee for Civil Rights Under Law, Washington, D.C. (Kerry Alan Scanlon, of counsel), for plaintiffs.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City (Vincent Alfieri, Suzanne M. Berger, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Defendants Harry Macklowe Real Estate Co., Inc. ("Macklowe Real Estate"), Harry Macklowe ("Macklowe") and Elfon Realty Co. ("Elfon") have moved pursuant to Fed. R.Civ.P. 15(a) for leave to amend their answer to add additional defenses. For the reasons below, the motion is granted as to the Sixth through Tenth Affirmative Defenses and the Twelfth through Eighteenth Affirmative defenses, and denied as to the Eleventh Affirmative Defense.

*Prior Proceedings*

On August 12, 1988, plaintiffs in this action filed a complaint challenging the advertising practices of defendants in connection with their promotion of two luxury rental complexes in Manhattan: Riverterrace ("Riverterrace"), located at 515 East 72nd Street, and Riverbank West ("RBW"), located at 555 West 42nd Street. The complaint alleged that defendants' advertising practices violated the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982 and the Fair Housing Act, 42 U.S.C. §§ 3604(a) and (c) in that their advertisements placed in the New York Times did not use black human models. Plaintiffs also sought to require defendants to adhere to the safehaven guidelines established by the United States Department of Housing and Urban Development (the "Regulations"). On September 12, 1988, plaintiffs filed an amended complaint (the "Amended Complaint").

On October 26, this court entered a pretrial scheduling order which directed, *inter alia*, that all discovery and motions in this action be completed by March 15, 1988. By stipulation, the deadlines were extended until May 5, 1989 for the completion of discovery, May 19, 1989 for the last day to make motions, and, if applicable, June 5, 1989 for the submission of the proposed joint pretrial order and other documents.

The initial answer to the Amended Complaint (the "Answer") was served on November 23, 1988, and defendants at that time noticed depositions of plaintiffs and requested certain documents pursuant to Fed.R.Civ.P. 34. Thereafter, plaintiffs served on defendants a request for production of documents. On January 26 and 27, certain depositions of plaintiffs were held. At plaintiffs' request, scheduled depositions of other plaintiffs were adjourned from January 24, 1989. As of April 28, 1989, the date this motion was argued, plaintiffs had not yet begun their depositions.

By the instant motion, defendants seek to add thirteen affirmative defenses to their Answer and to clarify the allegations of the existing third and fourth affirmative defenses.

*The Standard for Amending an Answer*

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be "freely given." This liberal policy favoring amendments is based largely upon the policy of having " 'decision on the merits, rather than on the pleadings or technicalities.' " *CBS, Inc. v. Ahern*, 108 F.R.D. 14, 18 n. 4 (S.D.N.Y. 1985) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981), citing *Conley v. Gibson*, 355 U.S. 41, 47–48 n. 9, 78 S.Ct. 99, 102–03 n. 9, 2 L.Ed.2d 80 (1957)). However, it is not granted in every case, since "leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party." *Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau*, 786 F.2d 101, 103 (2d Cir.1986) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (emphasis added)). Further, even where there is no delay, bad faith or prejudice, leave to amend should be denied where the claim sought to be asserted is without merit. *See Love v. New York State Dept. of Environ. Conserv.*, 529 F.Supp. 832, 845 (S.D.N.Y.1981).

There is no charge of bad faith in defendants' waiting to amend their answer to add affirmative defenses. Plaintiffs oppose the motion to amend the answer on the grounds that defendants should not be permitted to add affirmative defenses at this stage when they had knowledge of those affirmative defenses at the time they filed their answer, that the filing will delay the trial causing prejudice to the plaintiffs, and that the proposed affirmative defenses are baseless and allowing them would serve no purpose.

*Time of the Proposed Amendment*

■ There is no requirement that defendants must plead all known affirmative defenses at the time of their first answer. As long as amendment of pleadings does not prejudice plaintiffs, defendants will not be precluded from adding additional defenses about which they had knowledge. "A motion to amend should be denied only for such reasons as 'undue delay, bad faith or undue prejudice to the opposing party.' " *Richardson Greenshields Securities, Inc. v. Mui–Hin Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (quoting *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir.1986), in which the Court of Appeals for the Second Circuit stated that "amendments seeking to insert or correct matters about which parties should have known but did not know are plainly within the scope of Rule 15(a)," does not prohibit a defendant from adding an affirmative defense about which it had knowledge, as long as the addition does not prejudice the opposing party.

Because, as of the date this motion was argued, plaintiffs had not yet commenced depositions of defendants, and defendants had not yet completed depositions of all plaintiffs, in part because of adjournments at plaintiffs' request, permitting the proposed amendments will not substantially delay either discovery or the trial of this matter. The charge of prejudice is therefore without merit, and defendants' motion to amend their answer will be granted to the extent that the proposed affirmative defenses raise "at least colorable grounds for relief." *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Housing Development Fund Co.*, 608 F.2d 28, 42 (2d Cir.1979).

*Colorable Grounds*

In deciding whether the movant has a colorable ground for relief to permit an amendment, an inquiry must be made comparable to that required by Fed.R.Civ.P. 12(b)(6). *See CBS, Inc. v. Ahern*, 108 F.R.D. at 18. In considering a 12(b)(6) motion to dismiss, a court must construe the complaint's allegations in the light most favorable to the plaintiff and accept these allegations as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Moreover, it must appear beyond doubt that the plaintiff can prove no set of facts supporting his claim that entitles him to relief. *See Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir. 1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

## The Sixth through Ninth Affirmative Defenses: Failure to State a Claim

■ Defendants' Sixth through Ninth Affirmative Defenses purport to allege that plaintiffs have failed to state a claim for relief under 42 U.S.C. §§ 1982, 1981, 3604(a) and 3604(c), for these statutes do not regulate allegedly discriminatory advertising. Plaintiffs counter that their claims state causes of action. However, these arguments are more properly addressed in a motion to dismiss, which has not yet been made. Because at this stage the affirmative defense raises a colorable ground for relief, *see, e.g., Spann v. Colonial Village, Inc.,* 662 F.Supp. 541 (D.D.C. 1987); *Saunders v. General Services Corp.,* 659 F.Supp. 1042 (E.D.Va.1987), the motion to add these affirmative defenses is granted.

## The Tenth Affirmative Defense: Statute of Limitations

■ The Tenth Affirmative Defense asserts that plaintiffs' claims arising out of advertisements prior to February 15, 1988 are barred by the applicable statute of limitations contained at 42 U.S.C. § 3612(a).[1] Plaintiffs argue that the continuing violations doctrine controls here. Even assuming, without deciding, that the "continuing violations" doctrine applies in this case, there must be a factual determination as to whether these acts constitute a "continuing violation." Thus, the Proposed Tenth Affirmative Defense states "at least a colorable defense," and the amendment is permitted.

## The Eleventh Affirmative Defense: No Right of Action against Private Parties

■ Defendants assert the proposed eleventh affirmative defense to preserve their claim that 42 U.S.C. § 1981 does not provide for a cause of action against private parties. This assertion is based upon the determination by the United States Supreme Court in *Patterson v. McLean Credit Union,* 485 U.S. 617, 108 S.Ct. 1419, 99 L.Ed.2d 879 (1988), to reconsider the issue of a right of action against private parties under § 1981, found in *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). Because the Supreme Court in *Patterson* did not overturn *Runyon,* but reaffirmed a cause of action in cases of private discrimination, *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the proposed affirmative defense is without merit, and the motion to amend the answer to add the affirmative defense is denied.

## The Twelfth Affirmative Defense: the Status of the Department's Regulations

■ Defendants seek to add a twelfth affirmative defense that the regulations published by the United States Department of Housing and Urban Development relating to the use of human models and the equal opportunity housing logo, 24 C.F.R. § 109.30 (the "Regulations"), are not mandatory with respect to defendants' advertising practices, and do not impose any judicially enforceable obligation on defendants. On behalf of their proposed amendment, defendants cite language in the Regulations that the Regulations are intended "to assist" media, as well as a decision in *Spann v. Colonial Village, Inc.,* 662 F.Supp. 541, 545 (D.D.C.1987) to the effect that the regulations "do not apply to litigation in court." *Id.*

Given that defendants have at least a colorable defense claim as to the status of the regulations, at this early stage of the

---

1. The Fair Housing Act was amended on September 13, 1988. As part of this amendment, § 3613(a) provides that an "aggrieved person may commence a civil action in an appropriate United States district court not later than two years after the occurrence or the termination of an alleged discriminatory housing practice." This provision became effective on March 14, 1989. However, an amendment to a statute is to be given prospective application only, unless its language clearly indicates a retroactive intent. *See Ocean & Atmospheric Science, Inc. v. Smyth Van Line, Inc.,* 446 F.Supp. 1158, 1159 (S.D.N.Y.1978). Where, as here, the effective date has been postponed, there is some evidence that retroactive application was not intended. *Id.* Moreover, statutes of limitations are generally given a prospective construction unless the contrary is clearly indicated. *Id.* at 1159–60 (citation omitted). Accordingly, at the time the amended complaint was served, the applicable limitations period is 180 days.

litigation it is inappropriate to deny defendants the opportunity to amend their answer to add this affirmative defense. Thus, their motion to amend as to the twelfth affirmative defense is granted.

### The Thirteenth Affirmative Defense: Commercial Speech Doctrine

■ The Thirteenth Affirmative Defense seeks to raise a defense under the First Amendment of the United States Constitution on the grounds that commercial speech is protected expression, and that to require them to advertise their properties by including a certain number of black models in future advertisements would contravene their first amendment rights. Because this argument raises a colorable defense, *see, e.g., Spann v. Colonial Village, Inc.*, 662 F.Supp. at 546 ("there is also the broader problem of the chilling affect of such burdens on advertisers' ability and desire to advertise, implicating First Amendment concerns"), defendants will be permitted to amend their answer to add this affirmative defense.

### The Fourteenth Affirmative Defense: Expenses for the OHC and the NAACP

■ The Fourteenth Affirmative Defense alleges that expenses incurred by OHC and the NAACP in investigating the allegations of the Complaint are not compensable. This, too, raises a colorable claim. *Cf. Village of Bellwood v. Gladstone Realtors*, 569 F.2d 1013, 1017 (7th Cir.1978), *modified on other grounds*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979) (organization lacks standing to sue for expenses when the cost is " 'concomitant to [its] keen concern' about open housing issues") (quoting *Mulqueeny v. National Commission on the Observance of International Women's Year, 1975*, 549 F.2d 1115, 1120–22 (7th Cir.1977).

### The Fifteenth Affirmative Defense: Lack of Standing

■ Defendants contend that because individual plaintiffs were not actually seeking luxury rental housing in Manhattan but were instead reviewing the Sunday New York Times for advertisements which they found offensive, they lack standing to sue. Although the Amended Complaint alleges that certain of the plaintiffs were looking for housing in the New York metropolitan area at the time of the conduct complained of herein, there is a colorable defense as to whether the plaintiffs have " 'alleged such a personal stake in the outcome of the controversy' as to warrant [*their*] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on their behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)). Therefore, defendants' motion to add this affirmative defense is granted.

### The Sixteenth Affirmative Defense: Personal Jurisdiction over Wilson Macklowe

Plaintiffs consent to the addition of the Sixteenth Affirmative Defense of lack of personal jurisdiction over Macklowe. Thus, the motion to add this affirmative defense is granted.

### The Seventeenth Affirmative Defense: Capacity to be Sued

■ According to the defendants, the Amended Complaint fails to allege a judicial status for the Harry Macklowe Organization, and the Harry Macklowe Organization cannot be sued, for it is not a natural person, a corporation, a partnership, or any other legally cognizable entity.

Defendants' motion to add a Seventeenth Affirmative Defense will be granted, for existence in law must be alleged in pleading, *see Little Shoppe Around the Corner v. Carl*, 80 Misc.2d 717, 363 N.Y.S.2d 784 (1975), and no action can be maintained against a nullity. *See id.; Provosty v. Lydia E. Hall Hospital*, 91 A.D.2d 658, 457 N.Y.S.2d 106 (2d Dept.1982), *aff'd in part*, 59 N.Y.2d 812, 464 N.Y.S.2d 754, 451 N.E.2d 501 (1983); *Marder v. Betty's Beauty Shoppe*, 38 Misc.2d 687, 239 N.Y.S.2d 923 (App.Term 2d Dept.1962). However, plaintiffs are entitled to discovery in order to examine the legal structures in which the Macklowe Organization operates, and if it is a "trade name" only, as defen-

dants assert, then plaintiffs will be permitted to amend their complaint to add the appropriate substitute for the Harry Macklowe Organization.

*The Eighteenth Affirmative Defense: Attorney's Fees*

■ The Eighteenth Affirmative Defense asserts that plaintiffs are financially able to assume payment of their attorneys' fees and thus are not entitled to an award of attorneys fees under 42 U.S.C. § 3613(c). Because that section provides that "[t]he court ... may award to the plaintiff ... court costs and reasonable attorney fees in the case of a prevailing plaintiff: *Provided,* That the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees," (emphasis in original), the motion to amend the answer to add the defense the plaintiffs are not entitled to attorney's fees on the grounds that they are financially able is granted.[2]

*Conclusion*

For the foregoing reasons, defendants' motion to amend the answer to add affirmative defenses is granted as to all of the proposed affirmative defenses except for the eleventh.

Discovery will be completed by October 4, 1989 and the pretrial order filed October 11, 1989.

It is so ordered.

---

**2.** Subsequent to the commencement of this action, the Fair Housing Act was amended. The attorneys' fee provision is now set forth at 42 U.S.C. § 3613(c)(2). However, as set forth in footnote 1, *supra,* the amendment will not be applied retroactively, and section 3613, cited above, governs plaintiffs' claim for fees in this action.