**In re Jerald John HAYWARD, II and Lois Evelyn Hayward, Debtors.**

No. 05–27165.

United States Bankruptcy Court, W.D. New York.

May 25, 2006.

Jeff Coleman, Ithaca, NY, for Debtors.

**DECISION & ORDER**

JOHN C. NINFO, II, Chief Bankruptcy Judge.

### *BACKGROUND*

On October 14, 2005, Jerald John Hayward, II and Lois Evelyn Hayward (the "Debtors") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section

521 and Rule 1007, the Debtors: (1) indicated that Jerald Hayward was the owner of real property located at 4120 Seneca Road, Valois, Schuyler County, New York (the "Property"), which had a current market value of $95,294.00; (2) indicated that there was a mortgage lien on the Property in the amount of $49,775.98; (3) on Schedule C, claimed the Property as exempt, pursuant to Section 5206(a) of the New York Civil Practice Law and Rules, as it incorporated and amended provisions in the prior New York Civil Practice Act (the "Homestead Exemption Statute"), as amended by Chapter 623 of Laws of New York, 2005, effective August 30, 2005 (the "Homestead Exemption Amendment"), which increased the homestead exemption for a New York State resident from $10,000.00 to $50,000.00; and (4) on Schedule D listed CFU Community Credit Union (the "Credit Union") as the holder of an $11,291.63 claim, secured by a 2003 Chevy Cavalier valued at $7,185.00, and as an otherwise general unsecured creditor with a claim of $4,106.63.

On December 16, 2005, the Credit Union filed a motion (the "Exemption Motion"), which requested that the Court enter an Order disallowing the Debtors' claim of a homestead exemption to the extent that it exceeded $10,000.00. The Credit Union alleged that: (1) the Homestead Exemption Amendment does not specifically provide that it applies to obligations or debts incurred prior to August 30, 2005; (2) in the absence of such a specific provision, under both New York and Federal statutory and case law, the Amendment does not apply retroactively to any obligations or debts incurred prior to August 30, 2005; and (3) in the event the Court were to find that the Amendment does apply to the pre-August 30, 2005 claim of the Credit Union, it would operate to impair the contract entered into between the parties, in violation of Article 1, Section 10 of the United States Constitution.

On December 21, 2005, the Chapter 7 Trustee, Peter Scribner, Esq., filed Opposition to the Exemption Motion which: (1) requested a hearing on the Motion; (2) concluded that the New York State Legislature intended the Homestead Exemption Amendment to be effective immediately as a bankruptcy exemption that could be claimed against all creditors, including those with claims in existence on August 30, 2005; (3) asserted that the Amendment did not specifically provide for an exception for pre-existing creditors, as a 1977 Amendment to the Homestead Exemption Statute had done, which clearly indicated the Legislature's intent that it be applied retroactively; and (4) asserted that even if under New York law the Amendment could not be applied retroactively, the Bankruptcy Code is a federal law and assets may be exempt in bankruptcy that are not exempt outside of bankruptcy.

On January 20, 2006, the Debtors also filed Opposition to the Exemption Motion which alleged that: (1) based upon the clear intent of the Legislature when it passed the Homestead Exemption Amendment, which specifically provided that it was to take effect "immediately," the Debtors should be entitled to claim the $50,000.00 homestead exemption; and (2) under Section 522(b)(2)(A), the Debtors may exempt "any property that is exempt under.. State or local law that is applicable on the date of the filing of the petition," in this case on October 14, 2005, which was after the effective date of the Amendment.

On January 27, 2006, a hearing was held on the Exemption Motion. The Court reserved decision and allowed time for any additional submissions the parties wished to make.

## DISCUSSION

On April 24, 2006, Chief United States Bankruptcy Judge Stephen D. Gerling issued a decision in *In re Little*, (05–68281) (Bankr.N.D.N.Y.) ("*Little*").[1] In *Little*, a case filed after August 30, 2005, a creditor of the debtors objected to their proposed Chapter 13 plan on the grounds that it failed to comply with 11 U.S.C. § 1325(a)(4), commonly referred to as the "best interests of creditors test." The debtors claimed a $20,000.00 exemption in real property owned solely by one of the debtors, pursuant to the Homestead Exemption Amendment. The issue in *Little*, as in *Hayward*, was whether the Amendment applied retroactively to a general unsecured debt, not reduced to judgment, but incurred prior to August 30, 2005.

Judge Gerling's well-reasoned decision in *Little* held that: (1) the Amendment was a remedial statute which under New York law is to be applied retroactively; and (2) such a retroactive application would not violate the vested rights of any pre-August 30, 2005 general unsecured creditor in violation of the United States Constitution. The decision provides an excellent overview and analysis of seemingly all of the arguments that could be made regarding the retroactive or prospective application of the Amendment. These same arguments were made by the parties in *Hayward*, either initially or as part of their post-hearing submissions.

This Court adopts the reasoning and the decision in *Little*, that the Homestead Exemption Amendment is remedial and, therefore, is to be applied retroactively, and that such an application would not violate the United States Constitution. The Court also offers the following additional reasons, analysis and conclusions:

### I. The Homestead Exemption Amendment—A Remedial Statute Required to be Applied Retroactively

◼ In *Little*, the Court applied Blackstone's definition of a remedial statute[2] to the Homestead Exemption Statute and: (1) identified the old law, the mischief and the remedy; and (2) concluded that the statute was remedial and, therefore, that the Homestead Exemption Amendment was remedial and entitled to retroactive application.

Here the mischief the New York legislature sought to remedy in enacting the homestead exemption was that under common law, debtors could lose their homes to creditors executing a money judgment. The common law did not provide debtors with a homestead exemption and to remedy the effect of the harsh common law rule, ultimately New York enacted CPLR Section 5206(a). *In re Little* page 22.

In connection with N.Y. Stat § 54 (McKinney 2006), which allows the retroactive application of remedial statutes, this Court found that the many Courts the parties

---

1. A copy of the decision is available at *http://www.nynb.uscourts.gov/usbc/uti-dec/utimenu.html.*

2. As Judge Gerling cited in *Little*, the New York State Court of Appeals quoted William Blackstone in *American Historical Soc. v. Glenn*, 248 N.Y. 445, 162 N.E. 481, 482–83 (1928), as follows:

There are three points to be considered in the construction of all remedial statutes:

The old law, the mischief, and the remedy; that is, how the common law stood at the making of the act, what the mischief was, for which the common law did not provide, and what remedy the parliament hath provided to cure this mischief. And it is the business of the judges so to construe the act as to suppress the mischief and advance the remedy.
*William Blackstone, 1 Commentaries \*87*

and the Court in *Little* had cited for their statements that exemption statutes are remedial, were not being asked in those cases to decide whether the remedial nature of the exemption statute permitted a retroactive application. Rather, the Courts were utilizing the general rule of construction that remedial statutes should be liberally construed in order to expand the class of beneficiaries covered by a particular statute. *See e.g. Mayer v. Nguyen* (*In re Nguyen*, 211 F.3d 105 (4th Cir. 2000)).

It may be, as determined by the Court in *Little*, that the Homestead Exemption Statute is remedial and that it may be applied retroactively, and that any amendment of the statute would, by necessity, also be remedial and entitled to retroactive application in the absence of a specific provision in the legislation to the contrary.

Nevertheless, in addition to the *Little* analysis, this Court also finds that the Homestead Exemption Amendment itself is remedial, so that it may be applied retroactively.

New York Courts have long been required to apply rules of statutory construction to Legislation that does not specify its retroactive or prospective application, including numerous cases that deal with the retroactivity or prospectively of changes to the Worker's Compensation and Domestic Relations laws. In these lines of cases, the analysis often focuses on whether the statute in question is remedial. Perhaps the most helpful and instructive decision is the Third Department case of *Cady v. Broome County*, 87 A.D.2d 964, 451 N.Y.S.2d 206, (N.Y.A.D.,1982), which stated:

> There is an exception to this general rule for remedial statutes, which can be given retrospective application to the extent that it does not impair vested rights (citations omitted). "Remedial statutes are those 'designed to correct imperfec-

tions in prior law, by generally giving relief to the aggrieved party' " (*Coffman v. Coffman*, 60 A.D.2d 181, 188, 400 N.Y.S.2d 833). We also note that chapter 727 of the Laws of 1980 was made effective immediately, rather than having a postponed effective date which would have furnished "critical and clear indicia of [legislative] intent" that the statute was to have prospective effect only (*Matter of Deutsch v. Catherwood*, 31 N.Y.2d 487, 341 N.Y.S.2d 600, 294 N.E.2d 193).

*Cady v. Broome County*, 87 A.D.2d 964, 965, 451 N.Y.S.2d 206 (N.Y.A.D.,1982).

The sponsoring memo for the Homestead Exemption Amendment reads as follows:

> When laws mention specific dollar amounts, it is prudent to periodically review and update those amounts.

> Current law sets the homestead exemptions at $10,000. That amount was set when the exemption was first enacted in 1977, and has not been updated since. In 1998, the value of that amount of money had declined to about $3,570 in 1977 dollars.

> This bill proposes to increase the homestead exemption to $50,000, a much more realistic figure. The current amount, which is 22 years old, is not at all realistic in today's economy. To have the figure so low is tantamount to having no exemption at all.

> NY Spons. Memo., 2005 S.B. S4582.

Applying Justice Blackstone's definition and the definition used by the Appellate Division in *Coffman v. Coffman*, 60 A.D.2d 181, 185, 400 N.Y.S.2d 833, to the Homestead Exemption Amendment: (1) the "mischief" and "imperfection" was having a homestead exemption that was not indexed for inflation, so that it had become "tantamount to having no exemption at all;" and (2) the remedy and correction in

46

the Amendment was to adjust the exemption law to "make it realistic in today's economy." Clearly, the Homestead Exemption Amendment, which modified and corrected the Homestead Exemption Statute, is remedial, and it should be applied retroactively.

## II. Whether the New York State Legislature Intended the Homestead Exemption Amendment to Apply Retroactively

■ In addition to being remedial for the purpose of retroactive application, the Homestead Exemption Amendment otherwise must be applied retroactively, because, if this Court were to conclude that it was to be applied only prospectively, it would defeat the clearly evident intention of the New York State Legislature.

Indeed, it has been said that the rules of statutory construction "do not constrain a court to defeat the evident intention of the lawmaker" (citations omitted), and insofar as remedial statutes are concerned, "the court should consider the mischief sought to be remedied and should favor the construction which will suppress the evil and advance the remedy" (*Matter of New York Life Ins. Co. v. State Tax Comm.*, 80 A.D.2d 675, 677, 436 N.Y.S.2d 380, affd. 55 N.Y.2d 758, 447 N.Y.S.2d 245, 431 N.E.2d 970).

*Burrows v. Board of Assessors for Town of Chatham*, 98 A.D.2d 250, 253, 471 N.Y.S.2d 345 (3rd Dept.,1983).

The sponsoring memo for the Homestead Exemption Amendment also states:

This bill will help to provide some relief from the stringent bankruptcy laws recently passed by Congress.
NY Spons. Memo., 2005 A08479.

If this Court were to determine that the Homestead Exemption Amendment is to be applied prospectively only, it would not meet its intended purpose, which was clearly to provide relief to New York residents who, in the absence of the Amendment, had an exemption that was "tantamount to having no exemption at all," which would particularly affect them if they filed bankruptcy because of the new bankruptcy laws.[3]

Clearly, the New York State Legislature that passed the Amendment, and the Governor who signed it into law, did not intend to provide "some relief from the stringent bankruptcy laws," which were to become effective in October 2005, only to New York debtors who would file bankruptcy as long as six years later when every preexisting contractual debt that had not reduced to judgment would be barred by the statute of limitations.

## III. Vested Rights

■ The objecting creditors in *Little* and *Hayward* are general unsecured creditors in bankruptcy cases filed after August 30, 2005, whose debts were not reduced to judgment before August 30, 2005.

In this Court's opinion, these creditors do not have the kind of vested rights that require a detailed constitutional analysis beyond that set forth in *Little*.

Furthermore, any argument that the Trustee-in-bankruptcy, who represents all the general unsecured creditors and is the "perfect lien creditor" under Section 544,[4]

---

**3.** "[A] statute will not be given a retroactive construction unless an intention to make it retroactive is to be deduced from its wording, and a law will not receive a retroactive construction unless its language, either expressly or by necessary implication, requires that it

be so construed." (McKinney's Cons Laws of NY, Book 1, Statutes, § 51, p 89).

**4.** Section 544 states, in part:
(a) The trustee shall have, as of the commencement of the case, and without regard

would have vested rights that must be considered, those rights only came into existence when the debtors filed their bankruptcy petitions after August 30, 2005, the date when the Homestead Exemption Amendment became immediately and retroactively effective.

## IV. *Pre–August 30, 2005 Bankruptcy Cases*

 Section 522(b)(3)(A) states, in part, that:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection ... Such property is—
>
> > (2)
> >
> > (A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtors domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place[.]

11 U.S.C. § 522 (2006).

As a result, the increased homestead exemption provided for under the Homestead Exemption Amendment is not available to New York debtors who filed prior to August 30, 2005.

### CONCLUSION

The Exemption Motion is in all respects denied.

**IT IS SO ORDERED.**

---

to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.
11 U.S.C. § 544 (2006).