Infinity Solutions NY, LLC v Carpenter (2024 NY Slip Op 51187(U))

[*1]

Infinity Solutions NY, LLC v Carpenter

2024 NY Slip Op 51187(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-384 D C

Infinity Solutions NY, LLC, Appellant, Todd Roberts, Plaintiff, 
against
Mynheer Carpenter and Mynheer Carpenter, Doing Business as Love U, Respondent. 

Infinity Solutions NY, LLC, appellant pro se.
Mynheer Carpenter and Mynheer Carpenter, d/b/a Love U, respondent pro se (no brief filed).

Appeal by Infinity Solutions NY, LLC from a judgment of the City Court of Poughkeepsie, Dutchess County (Scott L. Volkman, J.), entered January 11, 2023 and an order of that court dated March 9, 2023. The judgment, insofar as appealed from, after a nonjury trial, dismissed the cause of action brought by plaintiff Infinity Solutions NY, LLC and awarded defendant the principal sum of $1,600 on so much of its counterclaim as is against Infinity Solutions NY, LLC. The order adjudged nonparty Trisha Beck to be in contempt of court and liable to defendant for a $150 penalty.

ORDERED that so much of appeal as is from the order is dismissed; and it is further,
ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the City Court for a new trial before a different judge on the cause of action brought by plaintiff Infinity Solutions NY, LLC and on so much of defendant's counterclaim as is against that plaintiff.
In this commercial claims action, plaintiffs Infinity Solutions NY, LLC (Infinity) and [*2]Todd Roberts, Infinity's representative, seek to recover the principal sum of $5,000 from defendant Mynheer Carpenter, sued separately herein both as Mynheer Carpenter and as "Mynheer Carpenter DBA Love U,"[FN1]
alleging that, pursuant to a commercial lease, they are owed unpaid rent. Defendant counterclaims to recover the principal sum of $5,000, alleging damage to his equipment and loss of revenue.
At a nonjury trial, defendant did not dispute that he had leased an office from Infinity, for use as a photography studio, for a one-year term that began on April 1, 2019, and had ceased paying rent after November 2019, but argued, in effect, that he was excused from his obligation to pay rent by reason of Infinity's alleged failure to provide proper heating and air-conditioning. He also disputed Infinity's claim to contractual late fees and interest, contending that his rent payments had been timely made, and disputed Infinity's claim that he had held over after the expiration of the lease term. In support of his counterclaim, defendant asserted that, while he was out of his office, persons whom he believed to be plaintiffs' employees or agents had entered his office without his permission to perform repairs to the HVAC system and had caused a camera and a camera lens in his office to fall to the floor and to be damaged. 
On the third day of the trial, Infinity's managing member, Trisha Beck, whom defendant had subpoenaed, confirmed that Infinity was defendant's landlord and testified concerning her and plaintiff Todd Roberts's respective roles in the management of the rental premises. At the conclusion of that day's testimony, the court "encourage[d]" Beck to engage in settlement conversations with defendant and stated, "I want you back here." On the fourth day of trial, January 11, 2023, the court convened at 2:24 p.m. Roberts informed the court that, in the interim, Beck had provided defendant with a proposed stipulation of discontinuance without prejudice, which defendant had declined to sign. Roberts stated that Beck was ill and, furthermore, had not understood that her presence was required. The court informed Roberts that Beck was still under subpoena. Beck was in the court when it reconvened at 3:24 p.m. The court asked defendant whether he would like to move to strike the pleadings and to have Beck held in contempt. After defendant assented, the court, insofar as relevant to this appeal, invoked CPLR 2308, held Beck in contempt of court, dismissed the complaint, found Beck to be liable to defendant for a $150 penalty, and awarded the principal sum of $1,600 on so much of defendant's counterclaim as was against Infinity. Infinity appeals from so much of a judgment entered January 11, 2023 as dismissed its cause of action and awarded defendant the principal sum of [*3]$1,600 as against it, and from an order dated March 9, 2023, which adjudged nonparty Trisha Beck to be in contempt of court and liable to defendant for a $150 penalty. The appeal from the order is dismissed, as the right of direct appeal therefrom terminated upon the subsequent entry of a judgment upon that order on May 18, 2023 (see Matter of Aho, 39 NY2d 241, 248 [1976]) and, in any event, Infinity is not aggrieved by the order.[FN2]
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807-A [a]; see UCCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
CPLR 2308 (a) authorizes various punishments for the disobedience of a judicial subpoena, including that, "If the witness is a party the court may also strike his or her pleadings." The City Court based its dismissal of Infinity's cause of action on Beck's purported disobedience of a subpoena and her failure to speak with defendant by telephone. A limited liability company is a separate juridical entity from its members (see generally Limited Liability Company Law §§ 609, 610; see also Singh v Nadlan, LLC, 171 AD3d 1239, 1240 [2019]). We need not decide whether Beck's purported disobedience of the subpoena could be imputed to Infinity, since, in any event, the City Court improvidently exercised its discretion finding any disobedience. The record clearly demonstrates that Beck misunderstood her obligation to be present in court on the fourth day of trial and that, upon being informed of such requirement, she immediately went to court (see Gorman v Home Props. Bari Manor, LLC, 50 AD3d 956 [2008]). Consequently, under the circumstances presented, we conclude that the dismissal of Infinity's cause of action failed to render substantial justice between the parties (see UCCA 1804-A, 1807-A). 
We also find that, on this record, it was improper for the judgment to be entered against Infinity on defendant's counterclaim. However, dismissal is also inappropriate since the trial was, in effect, cut short. Thus, substantial justice (see UCCA 1804-A, 1807-A [a]) requires a new trial on both Infinity's cause of action and on so much of defendant's counterclaim as was against Infinity. In light of certain comments made by the court, the new trial should be before a different judge.
We reach no other issue.
Accordingly, the judgment, insofar as appealed from, is reversed, and the matter is remitted to the City Court for a new trial before a different judge on the cause of action brought by plaintiff Infinity Solutions NY, LLC and on so much of defendant's counterclaim as is against that plaintiff.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024

Footnotes

Footnote 1: "Doing business as" is a descriptor for a trade name, which, having no separate jural existence, "can neither sue nor be sued independently of its owner" (Garcia v Nestle USA Inc., 13 Misc 3d 132[A], 2006 NY Slip Op 51880[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006], citing Provosty v Lydia E. Hall Hosp., 91 AD2d 658, 659 [1982]). Thus, there is in fact only a single defendant.

Footnote 2:We note that nonparty Beck has not appealed from that judgment.