Ernest GUTMAN, Joseph Karlin, Edward J. Kineke, Thomas R. Casey, Robert Downing, Efrem Hian, Michael R. Tongel, Norman Wall, Ralph A. Jessar, Salvatore J. Vernace, Elliot A. Heller, Ahmad Hashemiyoon, Alf Abrahamsen, Michael A. Gold, Barry Jay Kaye, Alan H. Kotz, Joseph V. Cooper, Harris Trust and Savings Bank, as Executor of the Estate of Lloyd V. Conant, and Novick Bros. a Pennsylvania Partnership, as Investors who Purchased the Securities of Equidyne Extractive Industries 1980 Petro/Coal Program I and also Derivatively on behalf of Equidyne 1980 Gas and Oil Associates I, a Limited Partnership, Plaintiffs,

v.

EQUIDYNE EXTRACTIVE INDUSTRIES 1980 PETRO/COAL PROGRAM I, Equidyne 1980 Gas and Oil Associates I, Equidyne 1980 Coal Venture, Equidyne Extractive Industries, Inc., Equidyne Corporation, Eastland Drilling Corporation, Eastern Mining Systems, Eastland Industries, Inc., Stuart R. Ross, Joel I. Beeler, Robert H. Liebmann, Robson, Miller & Osserman, and Marks Shron and Company, Defendants.

ROBSON, MILLER & OSSERMAN, Third–Party Plaintiff,

v.

Joel I. BEELER, Third–Party Defendant.

No. 86 Civ. 9173 (KTD).

United States District Court, S.D. New York.

May 8, 1991.

Jackson & Nash, New York City (Christopher S. Rooney, of counsel), The Law Offices of Curtis V. Trinko, New York City (Curtis V. Trinko, of counsel), for plaintiffs.

Scoppetta & Seiff, New York City (Nicholas Scoppetta, of counsel), for third-party defendant Joel I. Beeler.

Ohrenstein & Brown, New York City (Mark J. Bunim, Geoffrey W. Heineman, Seth Berman, of counsel), for defendant/third-party plaintiff Robson, Miller & Osserman.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

In early 1987, plaintiffs Ernest Gutman, Joseph Karlin, Edward J. Kineke, Thomas R. Casey, Robert Downing, Efrem Hian, Michael R. Tongel, Norman Wall, Ralph A. Jessar, Salvatore J. Vernace, Elliot A. Heller, Ahmad Hashemiyoon, Alf Abrahamsen, Michael A. Gold, Barry Jay Kaye, Alan H. Kotz, Joseph V. Cooper, Harris Trust and Savings Bank as Executor of Lloyd V. Conant's Estate, and Novick Brothers com-

menced this action against, *inter alia*, defendant law firm of Robson, Miller & Osserman ("Robson"), alleging violations of: § 10(b) of the Securities and Exchange Act of 1934 ("1934 Act") and Rule 10b–5 promulgated thereunder; §§ 17(a) and (a)(2) of the Securities Act of 1933 ("1933 Act"); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961 *et seq.* (1982); common law fraud and deceit; and legal malpractice in connection with a fraudulent investment letter. On November 17, 1987, Robson moved to dismiss federal and pendent state claims. By order dated July 25, 1990, I dismissed claims founded upon §§ 17(a) and (a)(2) and legal malpractice against Robson. The only claims which remain as against Robson are claims pursuant to § 10(b) and Rule 10b–5, and state claims pendent thereto. In addition, I dismissed the complaint against defendant accounting firm, Marks Shron & Co. Robson now moves pursuant to Fed. R.Civ.P. 15(a) to amend its answer to add an affirmative statute of limitations defense as to the federal claims. In the event that I grant that motion, Robson further moves pursuant to Fed.R.Civ.P. 56(c) to dismiss all remaining federal claims as time barred and dismiss the state claims for incomplete diversity and lack of pendent jurisdiction.

## FACTS

This action arises out of the investments by Gutman, *et al.* in a limited partnership known as Equidyne Extractive Industries 1980, Petro/Coal Program I ("Equidyne") which was a New York limited partnership created for the purpose of subleasing, developing, and mining coal from various tracts of land located in the State of Kentucky. Claiming to have been induced to make their respective investments by a series of written misrepresentations, Gutman *et al.* filed a complaint against Robson on November 28, 1986.

In lieu of an answer, Robson moved to dismiss the complaint, raising a statute of limitations defense as to the legal malpractice claim only. No statute of limitations defense was then asserted as to the alleged securities laws violations. An amended complaint, dated September 11, 1987, was then filed, containing the same essential claims but setting forth additional supportive factual allegations. On November 17, 1987, Robson served another motion to dismiss the amended complaint. Although that motion raised the issue of statute of limitations on the legal malpractice claim, it raised no such defense with regard to the claims based on securities law violations and common law fraud. Subsequently, Robson served its answer to the amended complaint. No affirmative defense was contained within that answer dated September 24, 1990.

## DISCUSSION

By this application, Robson now seeks to amend its answer in order to add a statute of limitations defense to the federal claims at bar. Gutman *et al.* take exception, claiming that Robson does not deny that it was served with the original complaint in early 1987 and should have been on notice of potential affirmative defenses. Yet, almost four years after service of the complaint, Robson seeks leave to amend its answer to assert an affirmative defense with respect to claims under § 10(b) of the 1934 Act, and Rule 10b–5 promulgated thereunder. On the other hand, Robson asserts that no prejudice will be suffered by the amendment. According to Robson, no discovery has taken place in this action and it served its answer a mere three months before bringing this motion, thus no prejudice can be claimed. Not only is the delay reasonable, but the request is made in light of a decision rendered by the Second Circuit after the time that Robson answered.

Pursuant to Fed.R.Civ.P. 15(a), a party is given the opportunity to amend its answer as follows:

(A) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar the party

may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead and respond to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

■ It is undisputed that under this rule, leave of court may be sought when a party has determined that it must amend its answer when more than 20 days have elapsed since the original answer was served. In the within action, such leave is necessary since Robson served and filed its original answer on September 24, 1990. Furthermore, while motions to amend the answer are committed to the discretion of the court, leave is to be freely given when justice so requires. *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556 (S.D.N.Y.1976). A defendant would not be prohibited from adding an affirmative defense about which it had knowledge as long as the addition does not prejudice the opposing party. *Ragin v. Harry Macklowe Real Estate Co.*, 126 F.R.D. 475, 478 (S.D.N.Y.1989). Moreover, "amendments seeking to insert or correct matters about which parties should have known but did not know are plainly within the scope of Rule 15(a)." *Hanlin v. Mitchelson*, 794 F.2d 834 (2d Cir.1986).

■ In this case, Robson contends that it is entitled to amend its answer to include an affirmative defense of statute of limitations, almost four years after service of the original complaint and after resolving two previous motions to dismiss, because of a recent decision in the Second Circuit that might affect the viability of the federal claims at bar. I agree. New law which creates the potential to affect jurisdiction over a matter at hand provides adequate justification to allow an answer to be amended.

A uniform statute of limitations period for federal claims arising under § 10(b) of the 1934 Act has recently been set at one-to-three years. *Ceres Partners v. Gel Assoc.*, 918 F.2d 349 (2d Cir.1990). "This 'one year/three year' formulation bars any suit filed more than one year after discovery of the fraud or more than three years after the violation." *Welch v. Cadre Capital*, 923 F.2d 989 (2d Cir.1991). Prior to *Ceres*, there was no uniform statute of limitations for federal securities fraud litigation and district courts were constrained to borrow an appropriate statute of limitations period. "Hence, the federal court could be required to borrow whatever period one state court would conclude a sister state's court might apply in a case over which neither has any jurisdiction." *Ceres Partners v. Gel Assoc.*, 918 F.2d at 354. Thus, the longstanding practice of borrowing the most analogous state statute of limitations for claims founded on the 1934 Act § 10(b), and Rule 10b–5 promulgated thereunder, was essentially replaced. *Welch v. Cadre Capital*, 923 F.2d 989, 992 (2d Cir.1991).

In light of this, Robson maintains that it timely moved to add an affirmative defense and requests that *Ceres* be applied retroactively in order to dismiss the federal claims for having been brought after the requisite statutory period of one-to-three years. However, the ruling in *Ceres* had no adverse consequence for the plaintiffs since their claims would have been barred under the applicable limitations period under state law. *See Welch v. Cadre Capital*, 923 F.2d at 993. Because plaintiffs' 10b–5 claims were properly dismissed under either approach in the *Ceres* case, left unresolved was the retroactive application of the 'one year/three year' limitations period. *Id.* at 993 (citing *Ceres Partners v. Gel Assoc.*, 918 F.2d at 364).

■ The Supreme Court has articulated a three-part test germane to determining whether to apply a new limitations rule retroactively. *Welch v. Cadre Capital*, 923 F.2d at 993 (citing *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)). A court must consider whether: (1) the new rule overrules clear

past precedent on which litigants may have relied; (2) retroactive application of the new rule will further or retard its operation; (3) retroactive application would impose injustice or hardship. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

■ As to the first element, the one year/three year statute of limitations sets new precedent. "Adoption of a uniform federal limitations period changes the practice in this Circuit, which was clear at the time the challenged fraud was discovered, of looking to the law of the forum state for an appropriate statute of limitations for 10b–5 claims." *Welch v. Cadre Capital,* 923 F.2d at 994. Not only must there be a clear past precedent set, but the plaintiffs must also be shown to have relied thereupon. Generally, absent such reliance, a plaintiff would not be able to make the requisite showing of undue hardship or injustice, except that "the impending revision of a limitations period for 10b–5 claims was not so clearly foreshadowed that plaintiffs were chargeable with its prediction." *Id.* (citing *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)). Thus, although reliance is oft an essential factor, its absence will not affect this inquiry.

As to the second factor, retroactive application of the new limitations period will always further the new rule, *i.e.,* "[a] new, shorter period will end a law suit filed beyond the new limits, and a new, longer period will allow a lawsuit otherwise barred." *Welch v. Cadre Capital,* 923 F.2d at 994. This analysis is somewhat simplistic. The purposes of statutes of limitations are to insure plaintiff's commencement of suit in a timely manner while giving "notice to potential plaintiffs of the time within which suit must commence and to potential defendants of the time beyond which exposure to liability ceases." *Id.* at 995. Application of a limitations period not yet in existence at the time suit was commenced clearly appears at odds to and not in furtherance of either aforementioned interest.

As to the third *Chevron* factor, the equities appear to favor Gutman *et al.* Indeed, for me to now apply a new and shorter limitations period would be unfair because retroactive application would not prompt a past plaintiff into timely filing after the fact, and could constitute an unjust penalty for rightful reliance on existing law. Retroactive application of the *Ceres* rule would unjustly deny Gutman *et al.* their day in court.

■ Robson argues that even in the event that I do not retroactively apply the uniform statute of limitations, the claims of Gutman, Karlin, Casey, Downing, Hian, Tongel, Wall, Jessar, Hashemiyoon, Abrahamsen, Gold, Kaye, Kotz, Conant, and Novick Bros. are time barred under the relevant state statutes of limitations of the states in which they are domiciled. Specifically, Robson asserts that although New York's six-year statute of limitations, based on common law fraud, customarily governs, its "borrowing statute," contained in N.Y.Civ.Prac. Law & Rules § 202 (1988), is applicable to securities claims instituted by non-New York residents. Robson further asserts that the borrowing statute bars a claim based upon a cause of action accruing outside of New York if the time limitation set by the laws of either New York or the place outside of New York where the action accrues has expired prior to the filing of the complaint. Thus, if the claim is barred under the law of either jurisdiction, the non-resident plaintiff can no longer pursue the claim. At this juncture, Robson's argument on the law must be rejected because questions of fact still remain regarding: (1) when the fraud was realized; and (2) whether circumstances tolled the statutes' accrual of time. This is enough to defeat this motion for summary judgment.

For the foregoing reasons, Robson's motion is granted in part and it is allowed to amend its answer to include a statute of limitations defense. The remainder of its motion for summary judgment is denied.

SO ORDERED.