Ernest GUTMAN, Joseph Karlin, Edward J. Kineke, Thomas R. Casey, Robert Downing, Efrem Hian, Michael R. Tongel, Norman Wall, Ralph A. Jessar, Salvatore J. Vernace, Elliot A. Heller, Ahmad Hashemiyoon, Alf Abrahamsen, Michael A. Gold, Barry Jay Kaye, Alan H. Kotz, Joseph V. Cooper, Harris Trust and Savings Bank, as Executor of the Estate of Lloyd V. Conant, and Novick Bros., a Pennsylvania Partnership, as Investors who Purchased the Securities of Equidyne Extractive Industries 1980 Petro/Coal Program I and also Derivatively on Behalf of Equidyne 1980 Gas and Oil Associates I, a Limited Partnership, Plaintiffs,

v.

EQUIDYNE EXTRACTIVE INDUSTRIES 1980 PETRO/COAL PROGRAM I, Equidyne 1980 Gas and Oil Associates I, Equidyne 1980 Coal Venture, Equidyne Extractive Industries, Inc., Equidyne Corporation, Eastland Drilling Corporation, Eastern Mining Systems, Eastland Industries, Inc., Stuart R. Ross, Joel I. Beeler, Robert H. Liebmann, Robson, Miller & Osserman, and Marks Shron and Company, Defendants.

ROBSON, MILLER & OSSERMAN,
Third–Party Plaintiff,

v.

Joel I. BEELER, Third–Party Defendant.

No. 86 Civ. 9173 (KTD).

United States District Court,
S.D. New York.

Nov. 23, 1992.

Jackson & Nash, 330 Madison Avenue, New York City (Christopher S. Rooney, of counsel), The Law Offices of Curtis V. Trinko, New York City (Curtis V. Trinko, of counsel), for plaintiffs.

Scoppetta & Seiff, New York City (Nicholas Scoppetta, of counsel), for third-party defendant Joel I. Beeler.

Ohrenstein & Brown, New York City (Mark J. Bunim, Geoffrey W. Heineman, Seth Berman, of counsel), for defendant/third-party plaintiff Robson, Miller & Osserman.

MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The history of this action reflects the evolving status of the law of statutes of limitations in securities cases. Hopefully this is the last time that I will have to address it at length in this case.

On November 25, 1986, plaintiffs Ernest Gutman, Joseph Karlin, Edward J. Kineke, Thomas R. Casey, Robert Downing, Efrem Hian, Michael R. Tongel, Norman Wall, Ralph A. Jessar, Salvatore J. Vernace, Elliot A. Heller, Ahmad Hashemiyoon, Alf Abrahamsen, Michael A. Gold, Barry Jay

Kaye, Alan H. Kotz, Joseph V. Cooper, Harris Trust and Savings Bank as Executor of Lloyd V. Conant's Estate, and Novick Brothers ("Gutman *et al.*") commenced this action against, *inter alia,* defendant law firm of Robson, Miller & Osserman ("Robson"), alleging violations of: section 10(b) of the Securities and Exchange Act of 1934 ("1934 Act") and Rule 10b–5 promulgated thereunder; sections 17(a) and (a)(2) of the Securities Act of 1933 ("1933 Act"); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (1982); common law fraud and deceit; and legal malpractice in connection with a fraudulent investment letter.

On November 17, 1987, Robson moved to dismiss federal and pendent state claims. By order dated July 25, 1990, I dismissed claims founded upon Sections 17(a) and (a)(2) and legal malpractice against Robson. In addition, I dismissed the complaint against defendant accounting firm, Marks Shron & Co. The only claims which remained as against Robson were claims pursuant to Section 10(b) and Rule 10b–5 and state claims pendent thereto.

On January 25, 1991, Robson moved pursuant to Fed.R.Civ.P. 15(a) to amend its answer to include an affirmative statute of limitations defense as to the federal claims. In the event that I granted that motion, Robson further moved pursuant to Fed. R.Civ.P. 56(c) to dismiss all remaining federal claims as time barred and to dismiss the state claims for incomplete diversity and lack of pendent jurisdiction. By memorandum and order dated May 8, 1991, I granted Robson's motion to amend its answer to include a statute of limitations defense, but denied the attendant motion for summary judgment.

Robson then moved, on June 14, 1991, pursuant to Local Rule 3(j) of the Civil Rules for the Southern District of New York, to reargue that portion of the May 8, 1991 order which denied summary judgment. Less then one week later, however, on June 20, 1991, the United States Supreme Court issued a decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gil-*

*bertson,* —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), adopting a one year/ three year statute of limitations for causes of action arising under § 10(b) of the '34 Act. That same day, in *James B. Beam Distilling Co. v. Georgia et al.,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), the Court held that "it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so." *Id.* —— U.S. at ——, 111 S.Ct. at 2446. By memorandum opinion and order dated September 29, 1991, I applied *Lampf* in accordance with *Beam,* and dismissed the federal securities claims herein as time barred, thereby granting Robson's motion for reargument and their attendant summary judgment motion. Additionally, I dismissed the pendent state claims for lack of diversity.

In an apparent attempt to ease the inevitable harshness occasioned by the retroactive application of the statute of limitations announced in *Lampf,* Congress, on December 19, 1991, enacted § 27A of the '34 Act. Section 27A(b) provides:

[a]ny private civil action implied under section 78(b) [10(b) ] of this title that was commenced on or before June 19, 1991—

(1) which was dismissed as time barred subsequent to June 19, 1991, and

(2) which would have been timely filed under the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991,

shall be reinstated on motion by the plaintiff not later than 60 days after Dec. 19, 1991.

Securities and Exchange Act of 1934, § 27A(b)(1) & (2), 15 U.S.C. § 78aa–1(b)(1) & (2) (1991). Thus, on January 16, 1992, Gutman *et al.* moved pursuant to § 27A for an order reinstating their complaint.

Robson does not contest reinstatement as to the four plaintiffs who reside in New York. Robson, however, does contest reinstatement as to the remaining fifteen plaintiffs. Additionally, Robson argues that, should I grant reinstatement of the com-

plaint to any extent, it should be reinstated to the position it occupied on June 19, 1991, thereby reviving their motion to reargue their summary judgment motion.

## DISCUSSION

Gutman *et al.* satisfy § 27A's requirements for reinstatement to the extent that they commenced this action prior to June 19, 1991; I dismissed it as time barred subsequent to June 19, 1991; and, they filed for reinstatement within the requisite sixty day period. To fully comply with § 27A, however, plaintiffs' action must "have been timely filed under the limitation period provided by the laws applicable in *the jurisdiction,* including principles of retroactivity, as such laws existed on June 19, 1991...." Securities and Exchange Act of 1934, § 27A(b)(2), 15 U.S.C. § 78aa–1(b)(2) (emphasis added). Thus, before reinstating a complaint pursuant to a § 27A motion, § 27A(b)(2) essentially directs the reviewing court to assert a statute of limitations defense on behalf of all defendants who benefitted from *Lampf's* retroactive application, notwithstanding the possible failure of some defendants to raise the defense before the dismissal of the action.

To determine whether § 27A(b)(2) warrants reinstatement of a complaint Congress has instructed that we look to the "laws applicable in *the* jurisdiction...." In actions such as this, however, where the plaintiffs reside in various jurisdictions § 27A(b)(2) provides no clear direction as to the appropriate jurisdiction's limitations period to apply. Initially, therefore, I must consider whether "the jurisdiction" refers to the jurisdiction of filing or the jurisdiction of the plaintiff's residence. Upon the resolution of this issue, § 27A(b)(2) directs that I apply the laws of such jurisdiction(s) as they existed June 19, 1991. As the laws in this area have changed dramatically from circuit to circuit over the past five years the determination of this issue may prove dispositive for some of the plaintiffs.

Robson argues that § 27A requires courts to focus on the law as it existed "in the resident state of the plaintiffs on June 19, 1991 with regard to the statute of limi-

tations." Defendant's Memorandum at 7. The defendants conclude, therefore that "[i]f each individual plaintiff's action that has been asserted in this court would have been time barred on June 19, 1991, in the state in which the plaintiff resides, then the action must be deemed time barred by this court." *Id.* Conversely, the plaintiffs argue that § 27A directs courts to apply the limitations period applicable on June 19, 1991 in the jurisdiction where the action was commenced. *See* Plaintiff's Memorandum at 2. Thus, the plaintiffs urge that I apply Second Circuit law to determine the limitations period with regard to this complaint as it existed on June 19, 1991. *Id.* at 2–3. I agree with the plaintiffs.

Section 27A simply mandates the reinstatement of certain qualifying lawsuits dismissed as time barred after June 19, 1991. The legislative history of § 27A indicates that Congress designed the legislation to reverse the retroactive effect of *Lampf* and thereby turn back the clock for plaintiffs. When urging adoption of the statute Senator Byran stated:

> [a]t this time we are only addressing the most immediate problem—the unfair application of the Supreme Court's *Lampf* decision to cases that were pending at the time that the decision came down. Many courts across the country are applying *Lampf* to cases that were timely when filed, but are now said to be untimely. With respect to those cases, it is our intent to go back to the state of the law as it existed before *Lampf.*

137 Cong.Rec. S18617, S18624 (Nov. 27, 1991). I see nothing in the plain language or the legislative history of § 27A which indicates that Congress intended to accomplish anything other than the reversal of the retroactivity of *Lampf.* I hold, therefore that § 27A acts to reinstate actions in accordance with the laws of the jurisdiction from which they were dismissed. Thus, I must apply the laws of the Second Circuit as they existed on June 19, 1991.

When read together, *Ceres Partners v. Gel Associates,* 918 F.2d 349 (2d Cir.1990), and *Welch v. Cadre Capital,* 923 F.2d 989 (2d Cir.), *vacated and remanded sub nom.,*

*Northwest Savings Bank v. Welch,* —— U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991), provide the rules in this jurisdiction, as of June 19, 1991, for determining the limitations period applicable to claims arising under § 10(b) of the '34 Act. In *Ceres,* the Second Circuit adopted a one year/three year limitations period for actions arising under § 10(b). The *Ceres* court, however, explicitly refused to address the issue of the retroactive application of the new limitations period as it did not effect the outcome of the appeal. *Ceres,* 918 F.2d at 364.

In *Welch,* the Second Circuit had occasion to address the issue of whether the limitations period announced in *Ceres* should apply retroactively. To this end the *Welch* court looked to the decision of the United States Supreme Court in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *Chevron,* the Court adopted a three-part test for use when determining whether to apply a new rule of law retroactively. *Id.* Under *Chevron* a court must consider whether: (1) the new rule of law overrules clear past precedent upon which parties may have relied; (2) retroactive application of the new rule would conflict with its purposes; (3) retroactive application would produce inequitable results. *Id.* Applying the *Chevron* test, the *Welch* court held that the new limitations period did not apply retroactively to bar the complaint. *Welch,* 923 F.2d at 995. The *Chevron* test, however, by the very nature of its inquiry, requires a case-by-case analysis of retroactivity.

In my memorandum opinion dated May 8, 1991, I conducted this case-specific analysis with regard to Robson's motion to amend their answer to assert the statute of limitations as a defense, and concluded that, under *Chevron,* the retroactive application of *Ceres* to this complaint "would unjustly deny Gutman *et al.* their day in court." *Gutman v. Equidyne Extractive Industries,* 769 F.Supp. 121, 125 (S.D.N.Y. 1991). Accordingly, because I refused to apply *Ceres* retroactively, I determined that state law provided the rules regarding the applicable statutes of limitation. *Id.;* see also *Ceres,* 918 F.2d at 352–53. In my earlier opinion I analyzed this complaint to determine whether all of plaintiffs' claims satisfied the applicable statute of limitations. As such, I have previously conducted the inquiry that § 27A now requires for reinstatement. Accordingly, the claims of the New York residents were timely filed and, as for the non-New York residents, "questions of fact still remain regarding: (1) when the fraud was realized; and (2) whether circumstances tolled the statutes' accrual of time." *Gutman,* 769 F.Supp. at 125.

As these questions of fact still exist today, I will, for the purposes of reinstatement, assume that the complaint on behalf of the non-New York plaintiffs was timely filed. Plaintiffs' § 27A motion, therefore is hereby granted and the action is reinstated to the position it occupied on June 19, 1991.

Additionally, Robson has failed to set forth any matters or controlling decisions that I overlooked when deciding their earlier summary judgment motion. As such their motion for reargument is denied.

Discovery is to proceed promptly so that this ancient matter may be properly disposed of as soon as possible.

SO ORDERED.